Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROMAN SELEZNEV,<br><br>Defendant. | NO. CR11-0070RAJ<br><br>ORDER ON GOVERNMENT'S MOTION FOR RECOUPMENT OF CJA EXPENSES |

## I. INTRODUCTION

This matter comes before the court upon the government's motion seeking recoupment of CJA expenses from the defendant. The government contends the defendant has substantial assets that raise questions regarding his eligibility for public-funded counsel. For these reasons the government asks this court for an order directing the defendant to repay the costs of court-appointed counsel.

The defendant moves to strike the government's motion and asks this court to order the government to return and/or destroy all copies of the defendant's *ex parte* financial affidavit.

Having reviewed the memoranda, exhibits, *ex parte* financial declaration of Mr. Seleznev, and the record herein, the court DENIES the government's motion and denies the defendant's motion to order the return and/or destruction of the *ex parte* financial affidavit.

## II. ANALYSIS

**A.     Defendant does not have the present ability to pay for CJA expenses**

The government seeks recoupment of CJA expenses from the defendant based primarily upon his financial circumstances at the time of his arrest nearly nine months ago. The evidence the government has advanced clearly suggests a life of luxury including credit card records indicating he spent $130,000 on personal expenses during a 20-month time span, $40,000 on air travel, $22,000 on hotels in Indonesia and Russia, $790,000 for two apartments in Bali, not to mention photographs of the defendant with large amounts of cash and videos showing high-end automobiles allegedly owned by the defendant and his associates.

The government challenges the defendant's financial affidavit in support of public-funded counsel on grounds that it fails to provide sufficient accurate information to permit a finding that he lacks the ability to pay for counsel.

Following oral argument on this motion on March 20, 2015, this court ordered the defendant to file, under oath, a financial declaration detailing the extent of his financial resources and assets. Dkt. # 127. The defendant complied in an *ex parte* submission. Dkt. # 128.

Based upon the submissions of the parties the court finds that while the defendant may have lived a life of luxury pre-arrest and indictment, there is no evidence to suggest he currently has access to any of those resources at this time. As the court pointed out at the hearing on this matter, it is not uncommon for defendants to have access to enormous wealth before they are arrested only to find those same resources disappear after they are taken into custody. There is no evidence before this court to suggest that Mr. Seleznev has the present ability to access any of his assets or to liquidate any asset that may have been previously held by him. While the defendant may in the future gain the ability to pay for the reimbursement of court-appointed attorney fees, it is improper at this time for the court to order such based upon his future ability to pay those fees. *United States v. Seminole,* 882 F.2d 441, 444 (9th Cir. 1989).

Nothing in this order precludes the government from renewing this motion in the future should additional evidence be developed to support their claim.

**B.     The unsealing of defendant's financial affidavit was proper**

Courts have authority to order financial affidavits unsealed for a variety of reasons, including allowing the government to investigate potential perjury on the affidavit or to determine whether reimbursement of fees is appropriate. That is precisely what transpired in this matter. The affidavit was unsealed to permit the government to challenge defendant's qualification for court-appointed counsel and to seek reimbursement of fees.

### III.  CONCLUSION

For all of the foregoing reasons, the court DENIES the government's motion for recoupment of fees and expenses. Dkt. #117. The defendant's request for an order directing the government to return and/or destroy all copies of the defendant's *ex parte* financial affidavit is DENIED.

DATED this 16th day of April, 2015.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER ON GOVERNMENT'S MOTION
FOR RECOUPMENT OF CJA EXPENSES  - 3