The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ROMAN V. SELEZNEV, <br><br> Defendant. | NO. CR11-0070RAJ <br><br> **GOVERNMENT'S SUBMISSION RE: STATUS CONFERENCE ON EVIDENTIARY HEARING** |

The single purpose of the evidentiary hearing in this matter is to determine whether, as defendant alleges, the government engaged in "outrageous conduct" that would justify dismissal of the Indictment. Under controlling case law, there are only two kinds of "outrageous conduct" that can support this relief: extreme torture of the defendant, and false statements made to the host country to trick it into assisting with the apprehension. Defendant does not allege that the government tortured him and does not appear to have alleged any false statements were made to Maldivian officials. Therefore, the government is asking the Court to reconsider the necessity of an evidentiary hearing or, in the alternative, limit the hearing to witnesses who can address the narrow issue of whether the U.S. agents mislead Maldivian officials.

The government is prepared to offer testimony from two witnesses with first-hand information about the government's communications with the Maldivians: Regional

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Security Officer (RSO) Dennis Lashinsky and Special Agent (SA) Mark Smith, both of the Department of State. Defendant, however, has requested the presence of five additional government witnesses, including four Secret Service agents and a Justice Department lawyer. None of these witnesses was responsible for interacting with Maldivian authorities, and none has anything to add on the sole material question of whether the government lied to the Maldivians.

## I.   DISCUSSION

### A.   The Sole Material Issue is Whether the U.S. Government Lied to Maldivian Authorities.

As discussed in detail in the parties' previous briefing, the fact that a defendant was brought into the country by forcible abduction does not generally affect a court's jurisdiction to try him. *Frisbie v. Collins*, 342 U.S. 519, 522 (1952). An exception to this doctrine exists if the government engages in "shocking and outrageous" conduct. *United States v. Struckman*, 611 F.3d 560 (9th Cir. 2010). Thus, defendant's motion can succeed only if he can establish "shocking and outrageous" conduct as defined by the courts.

As defendant acknowledges at pages 17-20 of his brief, courts have recognized only two types of "shocking and outrageous" conduct that will justify dismissal. The first is where the government subjects the defendant to extreme physical torture. *United States v. Toscanino*, 500 F.2d 267 (2d Cir. 1974); *see* Def's Motion at pp. 17-18. The second (which has been discussed only in *dicta* as a conceptual possibility), is where the government uses "blatant lies to a foreign government that induce the foreign government to transfer the defendant to the United States." *Struckman*, 611 F.3d at 574; *see* Def's Motion at pp. 19-20. If neither type of conduct occurred, the court's inquiry is complete and the motion should be denied.

Defendant does not allege that the first type of outrageous conduct (extreme torture) occurred in this case. His sworn declaration merely states that he was "thrown to a couch" and that the indictment was "aggressively dangled" in front of his face. Dkt. 132-3 at ¶¶ 8-9. Thus, even under his own version of events, defendant's allegations do

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

not justify dismissal.  *See, e.g.*, *United States v. Yousef*, 2011 WL 2899244 (SDNY 2011) ("since the allegations, taken entirely at face value and in the light most favorable to the defense, reveal no conduct that shocks the conscience, there is no need for an evidentiary hearing on this motion"); *see also  United States v. Al Libby*, 23 F.Supp.3d 194 (SDNY 2014) ("the motion would fail as a matter of law even assuming the factual allegations rested on competent evidence").

This leaves the only other type of "outrageous conduct" the Ninth Circuit has recognized as potentially supporting dismissal:  false statements to the foreign government.  Although defendant has not alleged any specific false statements, he has argued this principle might support his motion.  Defendant's Motion to Dismiss at 19-20. Therefore, the government is prepared to present the testimony of RSO Lashinky and SA Smith.  Because the issue of communications with the Maldivians is the only material issue even arguably in dispute, witnesses who cannot provide testimony on this issue should not be required to testify.

**B.  RSO Lashinsky and SA Smith Are the Only Putative Witnesses With First-Hand Knowledge About Communications with the Maldives.**

*RSO Lashinsky:*  Mr. Lashinsky was the Acting State Department RSO for the region covering the Maldives at the time of the operation.  RSO Lashinky is stationed in Sri Lanka and will travel to Seattle for the hearing.  RSO Lashinky is expected to testify that Secret Service contacted him and asked him to enlist the assistance of the Maldives in apprehending defendant.  After obtaining approval from the Department of Justice and State Department officials, RSO Lashinsky contacted Commissioner Hussein Waheed of the Maldivian Police.  RSA Lashinsky described the charges against defendant to Commissioner Waheed, told Commissioner Waheed that defendant would be departing the Maldives on July 5, 2014, and requested that Maldivian authorities arrest defendant at the airport and turn him over to U.S. agents.  On July 3, 2014, Commissioner Waheed told RSO Lashinky that the Maldivian president had approved the operation, and stated that the Maldivian government would give its full support to apprehending defendant.

Case 2:11-cr-00070-RAJ   Document 146   Filed 04/28/15   Page 3 of 7

not justify dismissal.  *See, e.g.*, *United States v. Yousef*, 2011 WL 2899244 (SDNY 2011) ("since the allegations, taken entirely at face value and in the light most favorable to the defense, reveal no conduct that shocks the conscience, there is no need for an evidentiary hearing on this motion"); *see also  United States v. Al Libby*, 23 F.Supp.3d 194 (SDNY 2014) ("the motion would fail as a matter of law even assuming the factual allegations rested on competent evidence").

This leaves the only other type of "outrageous conduct" the Ninth Circuit has recognized as potentially supporting dismissal:  false statements to the foreign government.  Although defendant has not alleged any specific false statements, he has argued this principle might support his motion.  Defendant's Motion to Dismiss at 19-20. Therefore, the government is prepared to present the testimony of RSO Lashinky and SA Smith.  Because the issue of communications with the Maldivians is the only material issue even arguably in dispute, witnesses who cannot provide testimony on this issue should not be required to testify.

**B.    RSO Lashinsky and SA Smith Are the Only Putative Witnesses With First-Hand Knowledge About Communications with the Maldives.**

*RSO Lashinsky:*  Mr. Lashinsky was the Acting State Department RSO for the region covering the Maldives at the time of the operation.  RSO Lashinky is stationed in Sri Lanka and will travel to Seattle for the hearing.  RSO Lashinky is expected to testify that Secret Service contacted him and asked him to enlist the assistance of the Maldives in apprehending defendant.  After obtaining approval from the Department of Justice and State Department officials, RSO Lashinsky contacted Commissioner Hussein Waheed of the Maldivian Police.  RSA Lashinsky described the charges against defendant to Commissioner Waheed, told Commissioner Waheed that defendant would be departing the Maldives on July 5, 2014, and requested that Maldivian authorities arrest defendant at the airport and turn him over to U.S. agents.  On July 3, 2014, Commissioner Waheed told RSO Lashinky that the Maldivian president had approved the operation, and stated that the Maldivian government would give its full support to apprehending defendant.

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

RSO Lashinky assigned SA Smith to travel to the Maldives to coordinate with the Maldivian authorities and to be present at the time of the arrest. RSO Lashinky will also testify about the Diplomatic Note which was presented to the Maldivian authorities.

*SA Smith:* Special Agent Smith, who is now stationed in Washington, D.C., will also testify at the hearing. SA Smith will testify that he arrived in the Maldives on July 4th, 2014 and met with Maldivian authorities that day to discuss the operation. The Maldivian authorities told SA Smith they were consulting with their attorney general about how to proceed and, specifically, whether to expel defendant based on the U.S. arrest warrant. SA Smith will testify that, at 4:00 p.m. local time, Maldivian authorities told him they were waiting on an arrest warrant from a Maldivian judge. However, at approximately 1:30 a.m. July 5, the Maldivian authorities contacted SA Smith and requested an Interpol Red Notice. SA Smith met with Maldivian officials again at approximately 8:30 a.m. on July 5, at which time they confirmed they would turn over Seleznev based on the Red Notice and that this decision had been made at the highest levels of their government. SA Smith was also present for defendant's apprehension.

**C.    Defendant's Government Witnesses Would Not Provide Relevant Testimony.**

None of the additional witnesses that defendant is demanding would offer relevant, independent, non-cumulative testimony.

*Special Agents Schwandner and Iacovetti:* Defendant intends to call Secret Service SA Dan Schwandner and SAIC David Iacovetti. These agents assisted SA Smith in taking custody of defendant and transporting him to Guam. SA Schwandner and SAIC Iacovetti were *not* responsible for communications with the Maldivian authorities—as discussed above, this was the role of the Department of State. While Schwandner and SAIC Iacovetti were present for meetings between SA Smith and the Maldivian authorities, their testimony about these meetings would be cumulative.[1]

---

[1] SAIC Iacovetti participated in surveillance of defendant upon his arrival at the Male Airport together with at least one Maldivian official. However, all operational decisions and planning were completed before he had any contact with Maldivian officials outside the presence of SA Smith. Similarly, SA Schwandner was waiting in the Male

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

    *Jeffrey Olson, DOJ Trial Attorney:* Defendant also wants to call Jeffrey Olson, an attorney with the DOJ's Office of International Affairs ("OIA"). Mr. Olson participated in discussions about the operation with other U.S. government attorneys and agents, and communicated OIA's approval of the operation to the agents. Mr. Olson had no communications with Maldivian authorities. In addition, as discussed in the government's opposition to the Motion to Compel, Mr. Olson's communications with U.S. authorities are privileged.

    *SA John Marengo*: Counsel also intends to call Secret Service SA John Marengo. SA Marengo's sole connection to these events is that he was informed by another Secret Service agent that defendant was possibly vacationing in the Maldives, and then relayed this information to SA Schwandner. None of this has any relevance to the motion. SA Marengo had no interaction with Maldivian authorities.

    *SA Michael Fischlin:* SA Fischlin was assigned to be the case agent on this case in July, 2014. SA Fischlin did not participate in the planning or execution of the arrest and had no interaction with Maldivian authorities. Therefore, he too has no relevant testimony to provide

## II.   CONCLUSION

    At most, the evidentiary hearing should be limited to whether the U.S. government misled the Maldivian government to obtain its assistance. Apart from RSO Lashinsky and SA Mark Smith, none of the government witnesses identified by defendant would provide testimony on this issue. Accordingly, the government respectfully requests a ruling that these witnesses do not need to appear at the hearing.

    DATED this 28th day of April, 2015.

                                        ANNETTE L. HAYES
                                        ACTING UNITED STATES ATTORNEY

---

Airport Police Station with other Maldivian officials while defendant was being detained by Maldivian Police, but this too took place after all decisions regarding Maldivian participation in the apprehension had been made.

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3   /s/ Norman M. Barbosa
    NORMAN M. BARBOSA
4   Assistant United States Attorney

5   /s/ Seth Wilkinson
    SETH WILKINSON
6   Assistant United States Attorney

7
8   /s/ Ethan Arenson
    ETHAN ARENSON
9   Trial Attorney

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28[th,] 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendant.

                                    *s/ Jennifer J. Witt*
                                    JENNIFER J. WITT
                                    Legal Assistant
                                    United States Attorney's Office
                                    700 Stewart Street, Suite 5220
                                    Seattle, Washington 98101-1271
                                    Phone: 206-553-2520
                                    Fax: 206-553-2502
                                    E-mail: Jennifer.Witt@usdoj.gov

SUBMISSION RE: STATUS CONFERENCE
Seleznev/CR11-0070RAJ - Page 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970