THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-00070-RAJ |
| Plaintiff, | MOTION REQUESTING BIFURCATED REPRESENTATION |
| v. | |
| ROMAN SELEZNEV, | |
| Defendant. | |

## I. MOTION

COMES the defendant in the above-entitled action, Roman Seleznev, and moves this Court for an Order allowing him to:

1. Represent himself in the submission of pretrial motions but,

2. Allow him counsel to conduct his trial.

This motion is based on the Assistance of Counsel Clause of the Sixth Amendment, U.S. Constitution and Title 28 U.S.C. § 1654.

## II. MEMORANDUM OF LAW

1. Defendant Roman Seleznev has an absolute right to proceed pro se. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The problem is that defendant is allowed hybrid representation only with the Court's permission.

1

"A defendant may exercise his right to self-representation if done knowingly, intelligently, voluntarily, and unequivocally." *United States v. Mendez-Sanchez*, 563 F.3d 935, 945 (9th Cir. 2009).

Additionally, "[a] district judge may allow 'hybrid representation,' in which the accused assumes some of the lawyer's functions, [but i]f the defendant assumes any of the 'core functions' of the lawyer" the defendant must knowingly, intelligently, and voluntarily waive counsel. *United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989).

2. Defendant Roman Seleznev wishes to waive counsel pretrial only and be allowed counsel to conduct his trial for the following reasons.

The case law concerning the assistance of counsel is reassuring.

> [A]n attorney has a duty to conduct a reasonable investigation, including an investigation of the defendant's background, for possible mitigating evidence.

*Hale v. Gibson*, 227 F.3d 1298, 1315 (10th Cir. 2000).

> [A]n attorney has a duty to adequately examine the law and facts relevant to the representation of his client: "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. As the ABA Standards for Criminal Justice provide:
>
>> "Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should include efforts to secure information in the possession of the prosecution and law enforcement authorities...."
>
> ABA Standards for Criminal Justice, ch. 4, Defense Function 4-4.1 (3d ed.1993).

*United States v. Russell*, 221 F.3d 615, 620-621 (4th Cir. 2000) (emphasis in original).

> An advocate has a responsibility to do the necessary research regarding the procedural law of the forum in which he litigates as part of the duty he owes his client.

*Laughlin v. Metropolitan Washington Airports*, 149 F.3d 253, 261 (4th Cir. 1998) (citation omitted).

Defendant Roman Seleznev submits that the case law is at loggerheads with the way the public defenders actually do things.

> The relationship between a lawyer and client is one of agent and principal. *United States v. International Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir.1993).
>
> *In Re Artha Management, Inc.*, 91 F.3d 326, 328 (2d Cir. 1996).
>
> [T]he decision to settle a case rests with the client. *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501-02 (2d Cir.1989).
>
> *Id.* at 329.
>
> It is important to remember that while defense counsel serves as an advocate for the client, it is the client who is the master of his or her own defense. *See Mulligan v. Kemp*, 771 F.2d 1436, 1441 (11th Cir.1985) (Trial counsel "is still only an assistant to the defendant and not the master of the defense."), *cert. denied*, 480 U.S. 911, 107 S.Ct. 1358, 94 L.Ed.2d 529 (1987);...
>
> *United States v. Teague*, 953 F.2d 1525, 1533 (1992).
>
> [A]n attorney cannot continue to represent a client in a lawsuit in contravention of that client's explicit instruction to the contrary.
>
> *Trulis v. Barton*, 107 F.3d 685, 693 (9th Cir. 1995).

Defendant Roman Seleznev has been informed and believes thereon that public defenders in American courts regularly do the following:

(1)  Refuse to adopt pretrial motions their clients want submitted to the court.

(2)  Tell their clients that their motions "have no merit" even when they do.

(3)  Submit few (if any) motions to set the record for appeal.

(4)  Spend more time attempting to hammer their clients into a "plea bargain" than they spend as an advocate for the defendant by adequately researching and examining the law and facts relevant to their representation.

(5)  Ask for repeated continuances until the client finally "breaks" because of jail conditions and takes a "plea bargain."

WHEREFORE, defendant Roman Seleznev moves this Court for an Order allowing him to proceed pro se in the matter of pretrial motions only or, in the alternative, order the public defender to adopt and submit defendant Roman Seleznev's pretrial motions as demanded by the defendant.

Dated: 26 AUGUST, 2015

Respectfully submitted,

Roman Seleznev #04385-093
FDC SeaTac
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198

## CERTIFICATE OF SERVICE

I certify that I have on this 15th day of September, 2015 deposited a true and exact copy of the

**MOTION REQUESTING BIFURCATED REPRESENTATION**
**with MEMORANDUM IN SUPPORT**
**and PROPOSED ORDER**

in the U. S. Mail, first class postage prepaid, addressed to:

C. Seth Wilkinson
U.S. Attorney's Office
700 Stewart Street
Ste. 5220
Seattle, WA  98101-1271

Ethan Arenson
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC  20530

Kathryn A Warma
U.S. Attorney's Office
700 Stewart Street
Ste. 5220
Seattle, WA  98101-1271

Norman McIntosh Barbosa
U.S. Attorney's Office
700 Stewart Street
Ste. 5220
Seattle, WA  98101-1271



FROM:
Roman Seleznev
#04385-093
P.O. Box 13900
Seattle, WA 98198-1090

TO:
U.S. District Court
Clerk's Office
700 Stewart Street Ste. 2310
Seattle, WA 98101

RETURN RECEIPT REQUESTED

7015 0640 0006 4734 7967