HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-70 RAJ |
| Plaintiff, | ORDER |
| v. | |
| ROMAN SELEZNEV, | |
| Defendant. | |

This matter comes before the court upon the government's motion to exclude the expert testimony of Mr. Hussain Shameem.  Dkt. # 210.  The government contends that Mr. Shameem's testimony is irrelevant.

Under Federal Rule of Evidence 401, proffered evidence is relevant if it has "*any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (a), (b) (emphasis added).  Under Rule 403, such evidence may be excluded if "its probative value is substantially outweighed by a danger of…unfair prejudice…."  Fed. R. Evid. 403.

ORDER - 1

1  Mr. Shameem is expected to opine as to the requirements for a lawful arrest in the
2  Maldives. Dkt. # 210-1, p. 2. His testimony has at least *some* tendency to support
3  defendant's argument that the government's conduct in arresting him was "so shocking
4  and outrageous that it violates the universal sense of justice." *United States v. Alvarez-*
5  *Machain*, 504 U.S. 657, 664 (1992). Although Mr. Shameem's testimony may be of
6  limited value, there is little or no risk of prejudice. *E.E.O.C. v. Farmer Bros. Co.*, 31
7  F.3d 891, 898 (9th Cir. 1994) (noting that excluding relevant evidence in a bench trial is
8  an illogical and "useless procedure" because a judge is capable of excluding any
9  improper inferences from certain evidence in reaching a decision). Accordingly, the
10 court will allow Mr. Shameem to testify at the evidentiary hearing related to defendant's
11 motion to dismiss the indictment. The court's ruling is limited solely to the hearing and
12 has no bearing on trial.
13 DATED this 7th day of December, 2015.

_____
The Honorable Richard A. Jones
United States District Judge