Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN V. SELEZNEV,<br><br>Defendant. | NO. CR11-0070RAJ<br><br>SUPPLEMENTAL PROTECTIVE ORDER |

This matter, having come to the Court's attention on the Stipulated Motion for a Supplemental Protective Order, and the Court, having considered the entirety of the record and being fully advised in this matter, hereby enters the following SUPPLEMENTAL PROTECTIVE ORDER:

**PROTECTED MATERIALS AND ELECTRONIC CONTRABAND**

1.   "Protected Materials" which may be used by the government in its case-in-chief include personal and financial identifiers, including names, social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers, bank account numbers, and Personal Identification Numbers (PINs), of participants, witnesses, and victims in this case.

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. "Electronic Contraband" shall include all Protected Materials, passwords giving access to individual computers owned by individuals other than the defendants or businesses owned by anyone other than the defendants, malware, files originating with or belonging to government agencies, and IP addresses of computer servers which contain, or for which there is a reasonable basis to believe contains, any of the information, files or data described in this paragraph.

3. Discovery in this case is voluminous and much of it includes Protected Materials and Electronic Contraband.  Redacting the Protected Materials and Electronic Contraband would prevent the timely disclosure of discovery to the defendants.

4. The United States agrees to provide Protected Materials and Electronic Contraband without redaction.

5. Access to Protected Materials and Electronic Contraband will be restricted to persons authorized by the Court, namely defendant, attorneys of record and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of defendant in case number 2:11-cr-00070-RAJ  ("the defense"). Access shall specifically include, but shall not be limited to: defense discovery consultant, Russ Aoki, Esq., AOKI LAW PLLC., Seattle, Washington, 98101.

6. The following restrictions will be placed on the defense unless and until further ordered by the Court.  The defense shall not:

a. make copies for, or allow copies of any kind to be made by any other person of Protected Materials and Electronic Contraband;

b. allow any other person to read Protected Materials and Electronic Contraband ; and

c. use Protected Materials and Electronic Contraband for any other purpose other than assisting in preparation for trial, trial, and appeal.

7. Any copies, reproductions, or notes made by the defense, which specifically copy or particularize Protected Materials or Electronic Contraband must be stored in a locked facility when not in use, and if stored on an electronic device, the

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER  - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

device must not be connected to the Internet at any time, except as needed to establish a connection to the CCAP environment. All papers, copies, reproductions, and notes maintained by the defense, which contains Protected Material and Electronic Contraband shall be handled in accordance with the provisions set forth in paragraph 10, upon conclusion of the criminal case.

8. Defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order and of the on-going obligation to comply with its restrictions.

9. The requested restrictions shall not restrict the use or introduction, as evidence, of discovery materials and documents containing Protected Materials and Electronic Contraband during the trial of this matter.

10. Upon conclusion of this action, defense attorneys shall return to government counsel or destroy and certify in writing to government counsel the destruction of ALL discovery materials and documents produced in these cases, including, but not limited to, electronic discovery materials containing Protected Materials and Electronic Contraband, within a reasonable time, not to exceed thirty (30) days after the last appeal is final.

**DEFENSE DISCOVERY REPOSITORY**

11. Defendant Roman Seleznev has also been indicted in Case No. 2:12-cr-004-MMD-GWF-14 in the District of Nevada. After conducting a hearing in District of Nevada case numbers 2:12-CR-004-MMD-GWF, 2:12-CR-083-MMD-GWF, 2:12-CR-084-MMD-GWF and 2:13-CR-00120-MMD-PAL, which was closed to government counsel, the Honorable Magistrate Judge George W. Foley, Jr., ordered that a defense discovery repository should be established and maintained during the course of these three cases. The Court also designated Karen Winckler, Esq. a CJA panel attorney, to act on behalf of the collective defense in case numbers 2:12-CR-004-MMD-GWF, 2:12-CR-083-MMD-GWF, 2:12-CR-084-MMD-GWF, and 2:13-CR-00120-MMD-PAL as a defense discovery repository.

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. From the date of this Order, until further order of the Court, all discovery materials produced by the government to the defense discovery repository shall be available to Mr. Seleznev under the terms provided in this Order. The government is relieved of any responsibility, until further order of this Court, to provide individual discovery copies or other individualized access to the discovery materials for those materials available in the defense discovery respository.

### ELECTRONIC DISCOVERY MATERIALS

13. "Electronic discovery materials" shall mean electronic files and data, in whatever computers and computer storage media they may be stored, and forensic or other reports pertaining to computer networks computers, computer storage media, files and data, by whomever prepared, which the government is required to produced pursuant to Fed. R. Crim. P. 16(a).

### CCAP

14. Access to electronic discovery materials shall be restricted to the defense. The defense shall use and maintain all electronic discovery materials solely and exclusively in connection with this case, including trial preparation, trial, and appeal, and not for any literary, commercial, or other purposes.

15. The government may produce electronic discovery materials by making copies of them available on the Clustered Computer Analysis Platform ("CCAP"). Absent further Order of this Court, the government shall not be obligated to make additional copies of any electronic discovery materials which are as of the date of this Order available on the CCAP, except that one complete copy of these materials will also be produced to the defense discovery repository attorney.

16. The defense's inspection of electronic discovery materials on CCAP does not prejudice their rights to move the Court for addition discovery materials or the production of electronic discovery materials in a different form.

17. All credentials and certifications necessary to access the CCAP shall be maintained by defense counsel in a secured facility, and on one or more computers also

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

kept secured at all times, that are not connected to the Internet at any time, except as needed to establish a connection to the CCAP environment. All credentials and certifications necessary to access the CCAP shall be returned to a representative designated by the CCAP project, within a reasonable time, not to exceed thirty (30) days after the appeal is final.

18. No one shall make or store copies of the electronic discovery materials made available on CCAP. If Mr. Seleznev wishes to make or store copies of the electronic discovery materials made available on CCAP, he may do so if, and only if, the Court, by way of ex parte motion by defense counsel, deems such copies necessary to assist the defense in trial preparation, trial, and appeal. The CCAP discovery mechanism will allow for such making and storing of copies by the defense only upon receipt of a Court order directing that a particular defense counsel, on a particular date and time, be given authorization by CCAP to make and store copies. This order shall not specify what materials the defense is requesting to copy from CCAP, but shall state that the Court has been provided said information in the ex parte motion, and has deemed such copies necessary to assist the defense in trial preparation, trial, and appeal. Any copies of the electronic discovery materials on CCAP which specifically copy or particularize Protected Materials and Electronic Contraband must be stored in a secured facility, and shall be handled in accordance with the provisions set forth in paragraph 10 above, upon conclusion of the criminal case.

   a. Although the defense cannot print or store copies of the electronic discovery materials on CCAP, absent a court order, they may take notes concerning the electronic discovery materials. If such notes specifically copy or particularize Protected Materials or Electronic Contraband, the notes must be used, stored, and maintained, as provided for by this Order.

   b. The defendants may not themselves make any notes from the electronic discovery on CCAP which specifically copy or particularize Protected Materials or Electronic Contraband. Instead, the defendant may ask defense counsel to

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 do so on his behalf. However, such notes shall be made only if the defense counsel
2 agrees they are necessary to assist the defense in trial preparation, trial, and appeal, and
3 must be used, stored, and maintained by defense counsel as provided for by this Order.

### **CREATING, MAINTAINING AND SERVICING CCAP**

19. Representatives designated by the CCAP project have constructed the CCAP environment and have loaded the electronic discovery materials into the environment prior to the defense accessing the CCAP. After the defense is permitted to access the CCAP, additional electronic discovery materials may only be loaded into the CCAP environment upon joint agreement between government counsel and the defense discovery repository attorney, or upon further order of the Court.

20. A representative has been designated by the CCAP project to physically maintain the equipment needed to sustain the CCAP environment. Only this representative will possess a key to the otherwise locked equipment and will maintain a written log documenting any access made to the equipment. No access to the content of the CCAP environment.

//
//
//
//
//
//
//
//
//
//
//
//
//

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   This Supplemental Protective Order is in addition and does not supplement or
2 replace the Protective Order at Dkt. No. 88.  This Protective Order is being entered to
3 give Mr. Seleznev access to discoverable materials in several related cases pending
4 against him and other defendants in the District of Nevada: 2:12-CR-04-MMD-GWF;
5 2:12-CR-082-MMD-GWF and 2:12-CR-084-MMD-GWF.
6   DATED this 8th day of January, 2016.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

United States v. Seleznev, CR11-0070RAJ
STIPULATED SUPPLEMENTAL PROTECTIVE ORDER - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970