LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ANDREA D. OSTROVSKY                                                                                                    E-MAIL: ANDREAO@CALFOHARRIGAN.COM

January 16, 2015

**VIA ECF FILING**

The Honorable Richard A. Jones
United States District Judge
United States Courthouse
700 Stewart Street, Suite 13128
Seattle, WA 98101

     Re:    *United States v. Seleznev*, Case No. 11-CR-00070RAJ

Dear Judge Jones:

     We write to request that the Court permit us to bring, via the telephonic hearing procedures set out in Local Criminal Rule 12(b)(7), a motion to compel the production of the government's preliminary set of exhibits.

     The government has taken the position that the Court's Scheduling Order—which requires the government to produce its preliminary exhibit list by January 12, 2016 (Dkt. No. 232)—only requires that the government provide a list of exhibits and not the exhibits themselves.  We believe this interpretation violates the letter if not the spirit of the Court's Scheduling Order.  One of the main purposes of requiring the parties to produce preliminary exhibit lists is to facilitate the efficient preparation for trial.  That purpose is not at all served when a party withholds the actual exhibits and forces the other side to spend unnecessary time searching for and collecting them.  At the very least, as a matter of professionalism, and out of respect for each side's right to prepare for trial, the defense's position is that both the prosecution and the defense should make copies of exhibits on their list and provide them to the other side.

     Here, the government has acknowledged that it has already prepared a copy of the exhibits that are ready for delivery.  However, it refuses to produce them unless our firm agrees to not cite the production as a precedent in other cases where a similar obligation to produce exhibits at this stage of the proceedings exists.  We do not think that we should be required to make any concession to obtain documents that the scheduling order and professional courtesy require.

     The government's refusal to provide the exhibits in a timely fashion is affecting our ability to prepare for trial.  The government's exhibit list is not entirely self-explanatory—many of the documents are not readily identifiable as listed by the government.  Moreover, it is a time-

The Honorable Richard A. Jones
January 16, 2016
Page 2

consuming process to find and copy each of the almost 300 exhibits on the government's list. And to the extent that there are grounds for any pre-trial motions related to the exhibits, the defense has lost precious time this week because of the government's refusal to provide the exhibits themselves.

      For all these reasons, counsel for Mr. Seleznev request that the Court permit counsel to make a motion to compel the production of the government's preliminary exhibits via the telephonic motions procedure in LCrR 12(b)(7). Counsel is available anytime on Tuesday, January 19, for a call with the Court.

      Very truly yours,

      CALFO HARRIGAN LEYH & EAKES LLP

      *s/Andrea D. Ostrovsky*

      ANDREA D. OSTROVSKY

ADO:src
cc:    Mr. Norman Barbosa
       Mr. Seth Wilkinson