Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROMAN V. SELEZNEV<br><br>Defendant. | NO. CR11-0070RAJ<br><br>GOVERNMENT'S STATUS REPORT REGARDING DISCOVERY AND PRELIMINARY EXHIBIT LIST |

## I.   Introduction

The government is filing this status report in response to Defendant's recent request for a telephonic hearing pursuant to Local Criminal Rule 12(b)(7) to compel the production of the government's preliminary set of exhibits. The government objects to Defendant's request for a telephonic hearing on this matter. The government is providing this summary of the outstanding issue for the Court's consideration and asks the Court to deny defendant's motion.

On January 11, 2016, the government provided defense counsel with a preliminary exhibit list pursuant to the current scheduling order. (See Attachment A – Government's Preliminary Exhibit List). The preliminary exhibit list includes an index of the categories of exhibits and identifies the majority of the government's exhibits by pinpoint citation to

STATUS REPORT REGARDING DISCOVERY
AND PRELIMINARY EXHIBIT LIST/Seleznev
CR11-0070RAJ – Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Bates page where the exhibit may be located. When the pinpoint citation was not available, the government provided the Bates range and/or identified the electronic evidence item from which the exhibit was pulled.

As a result of the multiple continuances and changes of counsel in this case, the government has had an extraordinarily long time to prepare for trial in this matter. These unique circumstances have allowed the government to prepare the majority of our exhibits well before the current trial date of May 9, 2016. Therefore, the government is in the unusual position of being able to provide defense counsel with a disc containing most of the exhibits the government intends to present at trial.

On January 11, 2016, in order to assist the defense, the government offered to produce copies of these prepared exhibits to defense counsel in exchange for their agreement that they would not cite this production as a precedent in other cases, or as a concession by the government that such an obligation exists. Defense counsel Andrea Ostrovsky agreed to this condition and the government was in the process of preparing to mail the exhibits to defense counsel when co-counsel Angelo Calfo notified the government he would not agree to this condition. Therefore, the government no longer intends to produce the prepared exhibits at this stage in the proceedings.

## II.   Argument

The government should not be required to produce its prepared exhibits this far in advance of trial. The scheduling order in this case does not call for the production of prepared exhibits at this time. Rather, the scheduling order calls for a "preliminary exhibit *list*." The government provided defense with a detailed list with pinpoint citations by bates number to the majority of the exhibits. Defense has had these exhibits available in discovery since their appearance in this case. The discovery is carefully organized and Bates stamped and the government has even conducted a detailed review of its case-in-chief with defense counsel in which the government went over many of the exhibits identified in its preliminary exhibit list in a Power Point presentation with a preview of the government's opening statements. What they are asking for now, is that the

STATUS REPORT REGARDING DISCOVERY
AND PRELIMINARY EXHIBIT LIST/Seleznev
CR11-0070RAJ – Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government be required to give them the exhibits in a particular format and organizational structure. The Court should deny this demand.

Providing an exhibit list five months prior to trial is unprecedented. It is absurd to assume that a scheduling order that requires a "preliminary exhibit *list*" five months in advance of trial also requires the government to gift wrap fully prepared exhibits. In most cases, exhibit prep is going on up until the night before trial. The parties routinely exchange prepared exhibit binders immediately prior to trial (often the night before trial, or the morning of trial). Although this is a complex case, a much more reasonable interpretation of the scheduling order in this instance would anticipate the exchange of prepared exhibits at the time of the exchange of final exhibit lists or later.

Despite the government's objection to defendant's request that the Court order the government to produce its exhibits, the government is willing to produce the exhibits at this stage. Because this case has been continued so many times, the government is in the unique position of having prepared most of its exhibits very early. The government prefers to do everything possible to move this case along at this stage and ensure that there is no need for any further continuances. Therefore, the government is prepared to turn over a copy of its prepared exhibits if defense counsel agrees not to cite this as precedent in other cases.

This is a significant concern for the United States Attorney's Office that should not be taken lightly. It is highly unusual for the government to have exhibits prepared this far in advance of trial. Imposing a similar requirement in every case would be extremely unreasonable. Punishing the government in future, unrelated, litigation, based on the unique circumstances of this case by requiring it to produce its exhibits so early would be fundamentally unfair and counterproductive.

The Court should either deny defendant's request, or order defense counsel not to use the government's production of the exhibits in this case as a precedent in other cases. Ms. Ostrosvsky recognized this was a reasonable request by the government and immediately agreed to the government's terms earlier this week. Mr. Calfo has
STATUS REPORT REGARDING DISCOVERY
AND PRELIMINARY EXHIBIT LIST/Seleznev
CR11-0070RAJ – Page 3
UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

apparently countermanded her decision.  This demand that defense counsel be allowed to use the government's production of exhibits in this case to help other clients in unrelated cases, is not in Mr. Seleznev's best interests.  Mr. Seleznev could already be reviewing the government's exhibits if counsel would simply honor Ms. Ostrovsky's original agreement.  Because defense counsel will not agree to the government's terms and there is no requirement in the Federal Rules of Criminal Procedure or this Court's current scheduling order that supports defendant's demand for the production of exhibits at this stage, the Court should deny defendant's request.

DATED this 18th day of January, 2016.

Respectfully submitted,

| | |
|---|---|
| ANNETTE L. HAYES | LESLIE R. CALDWELL |
| United States Attorney | Assistant Attorney General |
| | |
| *s/ Norman M. Barbosa* | *s/ Harold Chun* |
| NORMAN M. BARBOSA | HAROLD CHUN |
| Assistant United States Attorney | Trial Attorney |
| | Computer Crime and Intellectual Property Section |

*s/ Seth Wilkinson*
SETH WILKINSON
Assistant United States Attorney

Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Email:  Norman.Barbosa@usdoj.gov
Email:  Seth.Wilkinson@usdoj.gov

STATUS REPORT REGARDING DISCOVERY
AND PRELIMINARY EXHIBIT LIST/Seleznev
CR11-0070RAJ – Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*s/Janet K. Vos*
JANET K. VOS
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5041
Fax:   (206) 553-0755
E-mail:  Janet.Vos@usdoj.gov

STATUS REPORT REGARDING DISCOVERY
AND PRELIMINARY EXHIBIT LIST/Seleznev
CR11-0070RAJ – Page 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970