HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROMAN V. SELEZNEV,

Defendant.

CASE NO. CR 11-70 RAJ

ORDER

I.     INTRODUCTION

This matter comes before the court on defendant's motion to seal.  Dkt. ## 248, 249.  Defendant seeks an order sealing: (1) his motion to seal, (2) ███████████████ ██████████████████, and (3) any documents associated with these motions, including proposed orders, declarations, any opposition by the government and any reply briefing.  Dkt. #249-1; Dkt. # 265, p. 2.  Defendant also asks this court to review certain declarations offered in support of these motions *ex parte*.  For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

## II.   ANALYSIS

### A. Motion to Seal

"Historically, courts have 'recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2010) (quoting *Nixon v. Warner's Commc'ns*, 435 U.S. 589, 6597 (1978)).  "[J]udicial records are public documents almost by definition, and the public is entitled to access by default."  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).  This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).  Court documents associated with non-dispositive motions may be sealed for "good cause," whereas documents associated with dispositive motions may be sealed only for "compelling reasons."  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003).  *Kamakana*, 447 F.3d at 1180-81.

The distinction between dispositive and non-dispositive motions exists because "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also Foltz*, 447 F.3d at 1180 (explaining that "[t]here are good reasons to distinguish between dispositive and nondispositive motions").  As the court explained in *Kamakana*:

> [T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.

447 F.3d at 1179 (citation and quotation marks omitted).  Conversely, non-dispositive motions do not necessarily touch on the merits of the case; they are "often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citation and quotation marks omitted).

Here, the court finds that defendant's motion is non-dispositive and, therefore, should be reviewed under the "good cause" standard. ███████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████  Based upon these allegations and the facts and circumstances in this particular case, the court finds that the defendant has, *preliminarily*, met the "good cause" standard for sealing.  The court intends to question defendant and his counsel in this regard at the next hearing.  Failure to provide the court with a factual basis to support defendant's contentions will cause the court to vacate this order.  Accordingly, defendant's motion to seal is preliminarily GRANTED.  The clerk will be directed to maintain certain documents under seal, as stated at the conclusion of this order.

B.  Motion to File Declarations *Ex Parte*

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

ORDER

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ████████████████████████████    ██████████████████

4 ███████████████████████████████████████████████

5 ██████████████████████████████████████

6      These allegations place the defendant's communications with counsel directly at

7 issue.  Accordingly, he has waived the attorney-client privilege to the extent necessary to

8 allow litigation of his claim.  *See Rock River Comm. v. Universal Music Grp.*, 745 F.3d

9 343, 352 (9th Cir. 2014); *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (*en banc*).

10 Accordingly, defendant's motion to file any declarations associated with his underlying

11 motion on an *ex parte* basis is DENIED.  Defendant's counsel is directed to provide the

12 government with sealed versions of the already-filed declarations and any additional

13 declarations that may be filed in connection with the underlying motion.

14      C.  The Need for Closed Proceedings

15 ████████████████████████████████████████████████

16 ███████████████████████████████████████████████

17 ███████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ██████████████████

21      Thus, at this stage, it appears that an evidentiary hearing may be required and the

22 court may need to close those proceedings.  The parties are directed to provide the court

23 with supplemental briefing on this issue in accordance with the following schedule:  (1)

24 defendant shall file a brief not exceeding three pages on or before February 19, 2016 and

25 (2) the government shall file a responsive brief not exceeding three pages on or before

26 February 22, 2016.

27

1

## III.    CONCLUSION

2  For all the foregoing reasons, defendant's motion (Dkt. # 248, 249) is GRANTED

3  IN PART AND DENIED IN PART.  The clerk is directed to file and maintain the

4  following documents under seal: Dkt. ## 249, 250, 251, 252, 255, and 265.  The clerk is

5  further directed to remove the *ex parte* notation as to Dkt. # 251 and 252 or otherwise

6  indicate on the docket that these documents have not been received by the court on an *ex*

7  *parte* basis.  Defendant's counsel is directed to provide the government with sealed

8  versions of the already-filed declarations and any additional declarations that may be

9  filed in connection with the motion to limit use of proffer statement (Dkt. # 250).

10  The government's opposition, defendant's reply and any additional declarations

11  related to this matter may be filed under seal pursuant to this order.  The court reminds

12  the parties, however, that redacted versions of sealed documents should be filed on the

13  public docket whenever possible.  *See Foltz*, 331 F.3d at 1137.[1]

14  Dated this 8th day of February, 2016.

15

16

17

18

19  The Honorable Richard A. Jones
    United States District Judge

20

21

22

23

----

24  [1] The court has reviewed the government's opposition to the motion to seal (Dkt. #

25  255) and defendant's reply (Dkt. # 265) and finds that redactions in this particular
    instance would fail to leave any meaningful information available to the public.  The

26  parties should not, however, interpret this as a blanket sealing order that dispenses of the

27  redaction requirement.