```
 1                    UNITED STATES DISTRICT COURT

 2                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
   _____
 3                                  )
    UNITED STATES OF AMERICA,       )
 4                                  ) Case No.
                       Plaintiff,   ) CR11-0070-RAJ
 5  v.                              )
                                    ) SEATTLE, WASHINGTON
 6  ROMAN SELEZNEV,                 )
                                    ) February 11, 2016
 7                     Defendant.   )
                                    ) Motion Hearing
 8                                  )

 9  _____

10               VERBATIM REPORT OF PROCEEDINGS
             BEFORE THE HONORABLE RICHARD A. JONES
11                UNITED STATES DISTRICT JUDGE
    _____
12

13  APPEARANCES:

14  For the Plaintiff:      Norman M. Barbosa
                            Seth Wilkinson
15                          U.S. Attorney's Office
                            700 Stewart Street
16                          Suite 5220
                            Seattle, WA  98101
17

18  For the Defendant:      Andrea Ostrovsky
                            Calfo Harrigan Leyh & Eakes
19                          999 Third Avenue
                            Suite 4400
20                          Seattle, WA 98104

21
                            John Henry Browne
22                          Michael T. Lee
                            Law Office of John Henry Browne
23                          108 South Washington Street
                            Suite 200
24                          Seattle, WA  98104

25
```

| | |
|---|---|
| 1 | THE COURT: Good afternoon. Please be seated. |
| 2 | THE CLERK: We're here in the matter of the USA versus |
| 3 | Roman Seleznev, Cause No. CR11-70, assigned to this court. |
| 4 | If counsel and the interpreters could please rise and make |
| 5 | your appearances for the record. |
| 6 | MR. BARBOSA: Good afternoon, Your Honor, Norman Barbosa |
| 7 | and Seth Wilkinson for the United States. |
| 8 | THE COURT: Good afternoon. |
| 9 | MR. BROWNE: Good afternoon, Your Honor. John Henry |
| 10 | Browne and Michael T. Lee on behalf of Mr. Seleznev, hopefully. |
| 11 | THE COURT: Good afternoon to both of you. Please be |
| 12 | seated. |
| 13 | MS. OSTROVSKY: Andrea Ostrovsky on behalf of |
| 14 | Mr. Seleznev, Your Honor. And we do have two interpreters here |
| 15 | today. |
| 16 | THE COURT: All right. |
| 17 | MS. NOBLE: Linda Noble. Sorry. I'm state certified |
| 18 | and permanently sworn in federal court. |
| 19 | THE COURT: Good afternoon. |
| 20 | MS. DAVIDOV: I'm Julia Davidov. I'm state certified |
| 21 | and permanently sworn. |
| 22 | THE COURT: Hi. Good afternoon. |
| 23 | The court has received a pleading for the defendant. It's a |
| 24 | motion for withdrawal by attorney and substitution of counsel. I |
| 25 | have received the government's response. And there was a draft |

1  order that was submitted on behalf of the motion that was
2  provided by the Calfo firm.
3      Are there any additional documents that were submitted for
4  the court's consideration?
5          MR. BARBOSA:  Nothing from the government, Your Honor.
6          MR. BROWNE:  Not from us, Your Honor.  Thank you.
7          MS. OSTROVSKY:  No, Your Honor.
8          THE COURT:  All right.  Let me hear from the parties,
9  counsel.
10         MR. BROWNE:  Shall I start?
11         THE COURT:  Actually, since counsel filed the motion, I
12 will hear from Ms. Ostrovsky.
13         MR. BROWNE:  Okay.
14         MS. OSTROVSKY:  I will be very brief, Your Honor, so I
15 can give Mr. Browne an opportunity to address the court.  But we
16 filed our motion for withdrawal and substitution because
17 Mr. Seleznev has hired private defense counsel.
18     As the court knows, we had previously filed a motion to
19 withdraw in this case.  And Mr. Seleznev has made clear that he
20 wants different counsel to represent him at trial in this matter.
21 He's taken that step.  I do recall that at the last hearing the
22 court informed Mr. Seleznev that he had the right to hire his own
23 counsel, and he's gone forward and done that.  I would just ask
24 that the court grant the motion, and I will step aside and let
25 Mr. Browne address the court.

1          THE COURT: Counsel, you began your remarks to the court
2  that the defendant "has hired." The court, as you know, has a
3  declaration and affidavit that allows you and your firm to
4  represent Mr. Seleznev, and I have concerns as to whether or not
5  there's any issue that needs to be brought up regarding his
6  financial capabilities in the declaration he's filed with this
7  court, under penalty of perjury, about his financial
8  circumstances. So perhaps you could clarify that statement.
9          MS. OSTROVSKY: Your Honor, my understanding is that
10 Mr. Seleznev has engaged Mr. Browne and his firm to represent
11 him. I have no knowledge about the source of the funds that he
12 has used to engage Mr. Browne. And maybe Mr. Browne can speak to
13 that.
14         THE COURT: Okay. Thank you, counsel.
15         MR. BROWNE: Would you like to hear from me?
16         THE COURT: Yes.
17         MR. BROWNE: Okay. Counsel, Your Honor, thank you for
18 making time available for this.
19    Just to answer the last question you asked, we have been
20 retained by Mr. Seleznev's father. I don't know that we need to
21 go into more detail than that. I will say, as you might imagine,
22 getting finances transferred from Russia to the United States is
23 not the easiest thing these days, but it has got so much scrutiny
24 from both Russia and the United States that we're certain the
25 money is coming from our potential client's family. So I think

1  that might answer that question.

2      As far as the status of things, Your Honor, I may be able to
3  assist everybody in this, first of all, by saying, much to my
4  pleasure, you know Emma Scanlan from the Colton Harris-Moore
5  case, among other cases, I'm sure.  She was gone for two years,
6  and she is coming back Monday to work full time on this case,
7  along with myself and Mr. Lee.  And I think you are aware of how
8  hard working Ms. Scanlan is, how confident she is, and it's a
9  great thing for my law firm in general, but I think for this case
10 in particular.  She will have no other responsibilities other
11 than working on this case.

12     The other part of that, which I think the government would
13 like to hear, is that Ms. Scanlan has been, I don't know what the
14 right word would be, screened, approved by CIPA.  I don't know if
15 you quite know what I mean, but --

16         THE COURT:  Yes.

17         MR. BROWNE:  -- but when we represented Sergeant Bales,
18 we went through this whole matter.  For ethical reasons, I didn't
19 think a defense lawyer should be screened by the government, but
20 the way they have dealt with that was just to have Ms. Scanlan do
21 it, and then we basically had a fireball in the office, and then
22 it turned out that there was nothing that was relevant anyway.

23     But Ms. Scanlan called me today.  She is still working until
24 Monday as a prosecutor in Island County, but she called me today
25 and said that she checked with the CIPA people and that she will

1   just need to -- rather than fill out the 127-page form, she just
2   has to fill out like a two-page form, because she's already been
3   approved, which I'm told will actually put us ahead, because I
4   don't believe that's occurred -- and this is no criticism of
5   anybody -- I don't think that's occurred with previous counsel.
6   And I would just propose that we go ahead with that.
7        Now, whether -- obviously, Your Honor, we don't know that
8   much detail about this case, and there's a lot of sealed
9   documents and things.  So I know we have time to put into this.
10  And I know what you really want to hear is that we will make a
11  good-faith effort.  And I think you know me well enough to know
12  that I'm reliable on that, to be ready on the trial date.  But we
13  can't promise, because we don't know yet.
14       There is an expert in this case, a defense expert, who has
15  indicated to present counsel that a report will be ready within
16  the deadlines.  I have read Your Honor's Third Amended Complex
17  Case Scheduling Order, and I believe we can make a good-faith
18  effort to keep all those, except for, apparently, reply briefs
19  are due Monday, and obviously, we just got hired on Friday, and
20  Mr. Lee and I have been in trial in front of Judge Coughenour all
21  week.  As I say, Ms. Scanlan is not coming back full time until
22  Monday.  So we would ask for some leeway on that.  Of course,
23  reply briefs don't always need to be filed.  We don't, unless
24  there's a reason.  So I think that's the only sticking point.
25       I do believe that our involvement in this case will make

1    things move quicker, smoothly.  Mr. Seleznev, his relationship
2    with Mr. Calfo is completely broken, and I don't know how much I
3    should say, but there were some overtures made to my office a
4    month and a half ago or so, or more, two months, and I declined
5    because I believed that it was a sensitive part of the case, I
6    didn't want to interfere with Mr. Calfo or his firm, and so we
7    didn't.  And then I understand that critical time -- I don't want
8    to go into any more than that -- passed.  We didn't influence any
9    decisions one way or the other.
10       We have, though, however, met with Mr. Seleznev four times --
11   three times for lengthy meetings.  Just coincidentally, Your
12   Honor, Mr. Lee speaks Russian, my associate, not great, but
13   enough, and Mr. Seleznev speaks English actually quite well.  So
14   we have been able to communicate well.  And what's very apparent
15   to me is his relationship with Mr. Calfo is completely broken.
16   And I think under the case law -- I mean, the case -- the
17   memorandums filed by the government more or less supports our
18   coming in on the case.
19       We're not coming in on the eve of trial.  We believe we will
20   make a good-faith effort to follow the third complex case
21   scheduling order that Your Honor signed on November 9th of 2015.
22   And right now there is a status conference and hearing on motion
23   set for February 25th.  That's the next matter on the docket.
24   And I think we will be ready for that.  I have to be in federal
25   court in San Diego on that day in front of Judge Wilson, who I

1  think you know.  But Ms. Scanlan can be here for that.
2      And as I say, we have been informed that discovery has
3  already been provided to us.  No?
4          MS. OSTROVSKY:  We have it ready.
5          MR. BROWNE:  Oh.  Ready to be provided.
6      And then counsel has a thumb drive she was going to give us
7  today that has a copy of all of their pleadings and everything.
8  So I don't think -- I'm very hopeful -- we want to keep the trial
9  date.  I want to keep the trial date.  And I think we can.  It's
10 just we don't know yet.  I don't know.  You can ask me further
11 questions.  I only have one trial, federal trial, that might
12 conflict, and that's a real minor case, and it's in front of
13 Judge Zilly.  And what I mean by "minor," it's minor with a big
14 M.  And I'm sure that wouldn't conflict with this trial date,
15 even if it went to trial.  It would be a two-day trial.
16         THE COURT:  And, Mr. Browne, you understand that the
17 motions deadline has passed in this case?
18         MR. BROWNE:  Yes.
19         THE COURT:  Defense counsel is prepared to adopt the
20 fact that you come to the case with the motions deadlines passed,
21 correct?
22         MR. BROWNE:  Well, yes, Your Honor.
23     May I just respond a little bit more in detail about that?
24         THE COURT:  Yes.
25         MR. BROWNE:  We understand that that's passed, and I can

1    just indicate, knowing counsel, who we're going to be replacing,
2    being very competent individuals, that we're sure they must have
3    filed the appropriate motions, but we don't know.  If we felt any
4    need to get a new motions date, we would inform the court.  But I
5    don't anticipate that happening.  That's the best answer I can
6    give you.
7            THE COURT:  All right.  Well, counsel, let's do it this
8    way.  The court has a deadline for motions.  That deadline has
9    passed --
10           MR. BROWNE:  Correct.
11           THE COURT:  -- as far as the court is concerned.
12      If you or co-counsel believe for some reason that there's a
13   reason to file any additional motions, before you even file that
14   motion, you need to ask the court for permission to file the
15   motion for the court to even consider the motion.  Is that
16   understood, counsel?
17           MR. BROWNE:  Yes, sir.
18           THE COURT:  In other words, I don't want you filing
19   motions and just assume the court is going to accept the motion.
20           MR. BROWNE:  Okay.  Absolutely.
21           THE COURT:  That's the reason we have status conferences
22   set as we do now.  And that's not an invitation to file any
23   motions, because I'm still holding firm that the deadline has
24   come and gone.  But you would have the opportunity to file your
25   reply if you believe a reply is necessary or appropriate.

1    Now, counsel, how much time do you believe that you would
2    need to file your reply, if a reply would be necessary or
3    appropriate?
4            MR. BROWNE:  Just another week.  So rather than this
5    Monday, the following Monday, whatever that is.
6            THE COURT:  All right.  That would appear reasonable.
7    The court will grant that request.
8            MR. BROWNE:  Did you write that down, Mr. Lee?
9            MR. LEE:  Uh-huh.
10           MR. BROWNE:  Thank you.
11   Is there anything else you would like to hear from us?
12   Your Honor, I think things will be greatly expedited by the
13   fact that Ms. Scanlan has already been approved under CIPA, and
14   so that will make things a lot quicker, because, apparently,
15   present counsel hasn't completed that process.  Not their fault.
16           THE COURT:  And, counsel, you understand that the fact
17   that Ms. Scanlan may be approved under CIPA, there's no
18   transferred approval that would give you an opportunity to
19   discuss with her what documents may come your way or even discuss
20   those documents with your client, if we got to that point; do you
21   understand that?
22           MR. BROWNE:  Yes, Your Honor, I understand that.  I just
23   have an intellectual question about -- I'm not sure how this case
24   would involve national security.  You have already, I think,
25   addressed that issue.  And I know you have appointed -- I'm very

1  familiar with the statute --
2          THE COURT:  Yes.
3          MR. BROWNE:  -- that you have already appointed a
4  special master.  You have, according to what I know.
5          THE COURT:  Yes.
6          MR. BROWNE:  And so I didn't -- yes, I understand
7  completely.  We ran into that same problem -- it wasn't a
8  problem -- we ran into that same issue in the Bales case, and we
9  resolved it, and I didn't look at anything that was secret.  And
10 it turns out there wasn't anything that was relevant anyway.
11         THE COURT:  Okay.  Well, anything we discuss about CIPA,
12 counsel, is a matter of formal record that the court can
13 disclose; otherwise, this court has constraints upon it as well.
14         MR. BROWNE:  I have read the statute, Your Honor.
15         THE COURT:  All right.  Anything further from defense
16 counsel?
17         MR. BROWNE:  No, Your Honor.
18         THE COURT:  All right.  Counsel for the government, any
19 input?
20         MR. BARBOSA:  I have --
21         THE COURT:  Just one second, counsel.
22         MR. BARBOSA:  I have nothing substantive to add.  I
23 appreciate counsel's efforts to make sure we can remain with the
24 current trial schedule, and we will continue to try and push
25 along.

1       THE COURT:  All right.  Then we also have two dates, I
2  think it's the 25th and 26th; is that correct?
3              (The court and the in-court deputy confer.)
4       THE COURT:  All right.  Then, counsel, I believe we have
5  our hearing set for the 26th.
6       MR. BROWNE:  Actually, the complex case scheduling order
7  says the 25th and the 26th.
8       THE COURT:  We had set aside two days --
9       MR. BROWNE:  That's what it says on the order.
10      THE COURT:  I understand that.  I think we set aside two
11 days, but I don't think we will need the full two days; is that
12 correct?
13      MR. BARBOSA:  That's what we had discussed with
14 Ms. Ostrovsky and Mr. Calfo; that we didn't, in light of the
15 motions filed, we didn't believe we would need two days.
16      MR. BROWNE:  That would actually -- I'm sorry, Your
17 Honor.  Could the lower bench inform me what day of the week the
18 26th is?
19      THE CLERK:  A Friday.
20      MR. BROWNE:  That would allow me to be here rather than
21 in San Diego.
22      THE COURT:  It would allow you?
23      MR. BROWNE:  Yes.
24      THE COURT:  All right.  Then ignore the 25th on that
25 order, counsel.

1   MR. BROWNE:  Sorry?

2   THE COURT:  You can ignore the 25th.  It will just be
3   the 26th.

4   And just so that we're clear on the record of what's left to
5   be addressed, we have three motions.  One is the motion to
6   dismiss Counts 31 through 37, and that's Docket 243; the next is
7   Docket No. 245, that's defendant's motion to dismiss for
8   prosecutorial misconduct; and the last is defendant's motion to
9   limit use of evidence of proffer statement, and that's Docket
10  250.  My understanding is that's the only motions that we would
11  need to address on the 26th of February.  Is that counsel for the
12  government's understanding?

13  MR. BARBOSA:  Yes, it is, Your Honor.

14  THE COURT:  Now, is that counsel for the defendant's
15  understanding?

16  MR. BROWNE:  Yes.

17  THE COURT:  And as far as you know, counsel, it's only
18  motions that you have submitted on behalf of Mr. Seleznev?

19  MS. OSTROVSKY:  That's correct, Your Honor.

20  THE COURT:  All right.  Then the court will make a
21  formal determination that I will allow counsel to withdraw.  I
22  will allow Mr. John Henry Browne to serve as counsel representing
23  the defendant.

24  And I would like an affirmative statement by Mr. Seleznev on
25  the record indicating that he has no objection to the court

1  allowing the Calfo firm to withdraw and allowing Mr. John Henry
2  Browne's firm to represent him.  So I will have you placed under
3  oath.  Please raise your right hand, sir.
4         THE CLERK:  Do you solemnly swear or affirm that the
5  testimony you are about to give in the cause now before the court
6  shall be the truth, the whole truth, and nothing but the truth?
7         THE DEFENDANT:  I swear.
8         THE COURT:  Please be seated.
9     Mr. Seleznev, again, you have been placed under oath by the
10 court to make sure that any answers you provide to me are
11 truthful and honest answers.  And as I have indicated before,
12 when you have been placed under oath, if you make a false
13 statement, you could be subject to prosecution for perjury or
14 this court imposing other sanctions.  Do you understand that,
15 sir?
16        THE DEFENDANT:  I understand.
17        THE COURT:  And is it your desire and request that the
18 services of Calfo Harrigan Leyh & Eakes be terminated or that
19 they no longer represent you?
20        THE DEFENDANT:  Yes.
21        THE COURT:  And it is your desire that your new lawyer
22 would be John Henry Browne and his associates?
23        THE DEFENDANT:  Yes.
24        THE COURT:  And are you making that decision of your own
25 free will?

1           THE DEFENDANT:  Yes.
2           THE COURT:  Is anyone forcing you or promising you
3    anything to cause you to decide that you wish to have a change of
4    lawyers?
5           THE DEFENDANT:  No.
6           THE COURT:  All right.  And, counsel, are you aware of
7    any reason why the court should question your client's competency
8    to understand that he's changing lawyers and terminating his
9    former lawyers?  Ms. Ostrovsky?
10          MS. OSTROVSKY:  No, Your Honor.
11          THE COURT:  Mr. Browne?
12          MR. BROWNE:  No, Your Honor.  He's a very intelligent
13   man.
14          THE COURT:  Okay.  Then the court is satisfied it's a
15   knowing, intelligent, and voluntary termination of the services
16   of the Calfo firm, and that Mr. Browne will be your new
17   substitute counsel.
18      Counsel, I think that's all we can address at today's
19   proceeding.  Anything further from the government?
20          MR. BARBOSA:  No, Your Honor.  Thank you.
21          THE COURT:  Anything further from the defense?
22          MR. BROWNE:  No, Your Honor.  Thank you.  Thank you for
23   making the time again.
24          THE COURT:  We will be in recess.
25                     (Proceedings adjourned.)

1      C E R T I F I C A T E
2
3      I, Nickoline M. Drury, RMR, CRR, Court Reporter for the
4  United States District Court in the Western District of
5  Washington at Seattle, do certify that the foregoing pages are a
6  true and accurate transcription of the proceedings, to the best
7  of my ability.
8
9
10                    /s/ Nickoline Drury
11                    Nickoline Drury