THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROMAN SELEZNEV,<br>Defendant. | No. CR11-70RAJ<br><br>**REDACTED** ORDER ON DEFENDANT'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT |

Defendant Roman Seleznev has moved to dismiss claiming several grounds of prosecutorial misconduct (Dkt. #247). In ruling on this motion, the court references the following two fundamental precepts applicable to grand jury proceedings.

First, dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is a grave doubt that the decision to indict was free from the substantial influence of such violations. *See generally*, *Nova Scotia v. United States*, 487 U.S. 250, 255, 263 (1988).

Second, if the court finds the prosecution materially interfered with the independence of the grand jury, an indictment can be dismissed under the court's inherent supervisory powers or to protect a defendant's due process rights. *See generally*, *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986) and *United States v. Samango*, 607 F.2d 877, 884 (9th Cir. 1979).

The court will separately analyze each of the defendant's claimed bases to dismiss the indictment, and then look at any cumulative effect that may have impacted the grand jury's autonomy and interfered with its exercise of unbiased judgment.

A. Threats to [REDACTED].

Defendant's briefing and argument reference the claimed area of prejudicial statements elicited before the grand jury about [REDACTED] [REDACTED] when [REDACTED] These threats included testimony of the [REDACTED] and suggestion that the [REDACTED] [REDACTED][1]

The court denies the claim that the elicitation of this testimony was misconduct for several reasons. First, while the government was clearly investigating the actions of the defendant, they were not precluded from examining conduct of other suspected co-conspirators involved in the overarching fraud investigation or eliciting statements they may have made that were pertinent to the grand jury investigation.

The statements by the [REDACTED] were directly related to the [REDACTED] [REDACTED]. The government alleges defendant's computer [REDACTED] [REDACTED] [REDACTED] [REDACTED]

In addition, the statements by [REDACTED] appear to be his effort to retrieve the computer and continue running the defendant's business. Specifically, [REDACTED]

---

[1] The Government attached to its Response (Dkt. #267) the grand jury transcripts for several witnesses, including [REDACTED]. Reference to her grand jury testimony will hereafter be designated (GJ Tr. p. ___ ).

[redacted] The [redacted] statements and [redacted] clearly demonstrated [redacted] to the scheme allegedly orchestrated by the defendant which make them highly relevant.

The fact the grand jury did not return an indictment with a conspiracy charge involving [redacted] or others is not controlling. The government was within proper bounds to examine [redacted] about the scope of the [redacted] possible involvement in the crimes being investigated.

In the context of the statements and scope of the grand jury investigation, this testimony does not rise anywhere close to a claim of prosecutorial misconduct.

B. Evidence of Abuse of [redacted].

[redacted] was asked a relatively benign question, [redacted]. [redacted] volunteered the statement about the [redacted] While it is noted that no follow-up questions were asked by the prosecution, a brief admonishment to the jury to ignore the gratuitous comment may have been in order. The failure to do so, however, does not constitute misconduct.

Likewise, the court finds no misconduct with the elicitation of testimony that resulted in [redacted] stating the [redacted] in response to a question about [redacted] While the testimony about the [redacted] had marginal relevance, it [redacted]

The testimony about the [redacted] had no relevance to the investigation. It was not solicited by or dwelled upon by the government. In fact, the [redacted], not any government lawyers. [redacted] Under these

1  circumstances, the government's actions did not rise to the level of misconduct to
2  warrant dismissal of the indictment.
3       In considering the possible cumulative effect of ▬▬▬ testimony on the
4  grand jury's decision-making, it must not be ignored that the grand jury previously
5  indicted the defendant without ▬▬▬▬▬▬▬▬▬▬

    C.    <u>Impeachment Evidence</u>.

6
7       The defendant contends the government withheld from the grand jury evidence
8  potentially affecting ▬▬▬ credibility as a witness. The defense claims ▬
9  committed fraud related to ▬ immigration status, submitted a fraudulent divorce
10 certificate to U.S. Citizenship and Immigration Services (CIS), ▬▬▬▬▬
11 ▬▬▬▬▬▬▬▬▬▬▬
12      The government does not dispute that ▬▬▬ was the target of an
13 investigation by the Department of Homeland Security.  Nor does it dispute that ▬
14 may have made false statements to the government in connection with ▬ immigration
   to the United States.
15      What is disputed is when the government learned about the investigation.  The
16 government contends it was unaware of ▬▬▬▬▬▬▬▬▬
17 ▬▬▬▬▬
18      The record indicates ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
19 ▬▬▬▬  The grand jury returned the second superseding indictment on
20 October 8, 2014. (Dkt. #90.)  Based upon the government's proffer, it was
21 December 5, 2014, or three months later, before the government lawyers learned ▬
22 was under investigation for fraud.  Disclosure only becomes an issue if the government
23 had actual knowledge of ▬▬▬▬▬▬▬▬ or engaged in some type of
24 deception to hide the investigation or deception from the grand jury. There is no

**REDACTED** ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR PROSECUTORIAL
MISCONDUCT - 4

evidence before the court to suggest this occurred; consequently, there is no basis to find these circumstances constitute prosecutorial misconduct.

D. [REDACTED].

The defendant claims misconduct with [REDACTED] [REDACTED] The court concludes this argument is misplaced and unwarranted. After reviewing [REDACTED], the court found no direct references to the defendant as the [REDACTED] At best it was merely a means of describing how the operation under investigation worked.

In assessing the impact of [REDACTED] characterizations, *United States v. De Rosa*, 783 F.2d 1401, 1405 (9th Cir. 1986) advises that the question to be asked is whether without this evidence was there more than sufficient evidence to indict. That answer is supplied in the government's response memorandum (Dkt. #267, p. 2) and calls for an overwhelming affirmative response. Specifically, the government represented the following information supported the grand jury's probable cause finding independent of the claimed prosecutorial misconduct:

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

Moreover, the cases advanced by the defendant claiming prosecutorial misconduct involved far more egregious circumstances than those before this court.

In *United States v. Samango*, 607 F.2d 877 (9th Cir. 1979), the court found prosecutorial misconduct because the prosecutor gave the grand jury lengthy transcripts of testimony given before previous grand juries to read without warning them of a key witness's doubtful credibility. The transcripts included a barrage of insults and insinuations which the court found the prosecutor used solely to engender prejudice. The prosecutor had also given the grand jury a nine-day decision deadline that promoted a less than thorough and independent evaluation of the evidence.

In *United States v. Roberts*, 481 F. Supp. 1385 (C.D. Cal. 1980), the court found prosecutorial misconduct because the prosecutor (1) knowingly breached an agreement with the court to present exculpatory evidence to the grand jury, and (2) the prosecutor impermissibly manipulated and misled the grand jury, depriving it of its opportunity to evaluate the credibility of witnesses and by making prejudicial remarks to influence it.

As the government has acknowledged, [REDACTED] could have exercised greater discretion in the characterizations utilized to explain the process and investigation, however, nothing [REDACTED] said is tantamount to misconduct to warrant dismissal or anywhere close to the circumstances of *Samango* or *Roberts* to warrant dismissal.

///

///

///

E. Reference to Roman Seleznev.

The defendant also claims misconduct via [REDACTED]'s reference to Roman Seleznev by name when describing criminal conduct reflected in the documents.

As noted above, [REDACTED] could have exercised better discretion in the selection of references to Mr. Seleznev and avoided using the defendant's name [REDACTED] [REDACTED]. Other than poor judgment, his testimony does not meet the standards to constitute prosecutorial misconduct.

F. Cumulative Impact of Alleged Misconduct.

When considering all of the alleged acts of prosecutorial misconduct, the court finds the acts may have resulted in some slight prejudice to the defendant. But even without these references, it is clear to the court there was more than sufficient evidence to indict when considering the record as a whole. There is no clear evidence to suggest the claims demonstrated that this slight degree of prejudice substantially influenced the grand jury's decision to indict or interfered with their exercise of unbiased judgment.

For all the foregoing reasons, the defendant's motion to dismiss for prosecutorial misconduct (Dkt. #247) is denied.

DATED this 7th day of April, 2016.

The Honorable Richard A. Jones
United States District Judge