The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROMAN V. SELEZNEV<br><br>Defendant. | NO.  CR11-0070RAJ<br><br>**GOVERNMENT'S SUBMISSION RE: SCHEDULING AND DEFENDANT'S REQUEST TO FILE LATE MOTION TO COMPEL** |

## I.   INTRODUCTION

On March 28, 2016, defendant filed a motion to continue the trial to August 1, 2016.  The Court heard argument on defendant's motion on March 31, 2016, at which time the government objected to the continuance noting defendant's history of engineering trial delays through repeated changes of counsel and other dilatory tactics. On April 5, 2016, the Court notified the parties that it intends to grant defendant's latest request for a continuance and set the trial for August 15, 2016.  The Court also issued an order that same day granting defendant's request for leave to file a late motion to suppress evidence.

On April 6, 2016, the Court contacted the parties through the Court's courtroom deputy via e-mail and advised the parties to confer on a proposed new case schedule and

GOVERNMENT'S SUBMISSION RE:  SCHEDULING/Seleznev
CR11-0070RAJ - Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

briefing on defendant's motion to suppress.  In regards to defendant's motion to suppress, the Court indicated that the motion should be "submitted in the very near future" because it has already been extensively briefed.

The parties have been unable to agree on a proposed schedule for briefing the motion to suppress.  Rather than agree to a schedule consistent with the Court's instructions to submit their motion to suppress in the "very near future," defendant informed the government that prior to filing his motion to suppress he must conduct additional expert testing of the original laptop computer and solid state drive that may take up to a month to conduct.

The government objects to defendant's request as forensically unsound and inconsistent with the Court's instructions on scheduling of the motion to suppress. Defendant now indicates he intends to file a motion to compel the requested testing. Defendant did not seek, or receive, leave of the Court to file a motion to compel additional testing.  Because defendant's deadline to file discovery motions passed on January 19, 2016, and the Court ordered defendant not to file any additional motions absent leave of the court, defendant should not be allowed to file his motion to compel.

The government is submitting a proposed Fifth Amended Complex Case Scheduling Order.  The Proposed Order tracks the existing Case Scheduling Order, working backwards from the new trial date, and setting pretrial deadlines at the same intervals that exist under the current scheduling order.  In addition, the Proposed Order sets forth the following briefing schedule for defendant's motion to suppress:

| | |
|---|---|
| Defendant's Motion to Suppress | April 15, 2016 |
| Government's Response | April 22, 2016 |
| Defendant's Reply | April 29, 2016 |
| Evidentiary Hearing (if necessary) | May 10-11, 2016 |

///

///

GOVERNMENT'S SUBMISSION RE:  SCHEDULING/Seleznev
CR11-0070RAJ - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. ARGUMENT

### A. Defendant Has Pursued a Strategy of Delay Throughout this Case

Defendant's requested testing of the original laptop computer and solid state drive is yet another delay tactic. Defendant has sought to delay this case from the very beginning - starting with the lengthy litigation and repeated delays of his Rule 5 identity hearing in Guam, to his latest attempts to pursue a frivolous claim that evidence was planted on his computer despite his admission in an interview with the government that he committed all of the crimes charged in the indictment. The evidence of defendant's strategy of delay in this case is overwhelming. As the government noted earlier in its response to defendant's motion for partial self-representation, defendant and his father have repeatedly discussed methods of delaying this case including changing counsel solely for the purpose of delaying the proceedings. *See* Dkt. 185 Government's Response to Defendant's Motion Requesting Bifurcated Representation at 5-8.

More recently in December 2015, after this Court rejected defendant's claim that his apprehension violated international law, defendant and his father again began discussing methods to delay the trial, including claims that defendant would need an additional year to study the discovery:

| Valery: | That is why I am saying, "Listen, you 'all…" [They say] "Well, they have a reporting period till the end of the year and so forth…"  I am like, "Ok, alright. Then, considering that there are 300 tons of case materials out there, he [referring to Roman] will be studying them for a year, because he has a right to do so, to get familiar with it. He is not given any of it, though, as far as I could figure." Also, you do not know English. So, it will take time for you to get familiar with it all and it will also take time for the lawyers to study it// |
|---|---|
| Roman: | Of course. There is a lot of case materials to study there. |
| Valery: | Wait. What I am saying is that one year will pass and another reporting period will start. You know? |
| Roman: | Um-hum. |

GOVERNMENT'S SUBMISSION RE:  SCHEDULING/Seleznev
CR11-0070RAJ - Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Valery: | But they cannot do it without letting you get familiar with the case materials. They have no right to do so. They cannot set the trial date for May, if you are not ready for it. Hello? |
|---|---|
| Roman: | Right. |

Exhibit A - Transcript of FDC Phone Call, December 20, 2015 at 2-3. Not surprisingly, defendant also began discussing yet another change of counsel and hopes that improvements in relations between the United States and Russia during these delays might somehow improve to defendant's benefit, particularly if the case is delayed beyond the next presidential election:

| Roman: | What I think is that we should not be in a hurry at all. We have to fire these lawyers and hire the new ones and proceed from the beginning// |
|---|---|

Exhibit A at 5.

| Valery: | Besides the relationships between the countries can improve. You know what I mean? |
|---|---|
| Roman: | That's what I am hoping for. |
| Valery: | Well… they will get better, I am sure about that. |
| Roman: | Well, some day they will get better for sure. [Giggles] |

Exhibit B - Transcript of FDC Phone Call, December 15, 2015 at 3-4.

| Roman: | It seems like the political relationships are getting better. Trump will be their president. He and Putin seem to be getting along. |
|---|---|
| Anna: | Yes. I noticed that too. We are rooting for Trump here too. [Laughs] We are rooting for him. Yes. He is a good guy. I like how he [UI – overlapping]// |
| Roman: | //He is super. Trump said recently, "When I am the president…" Huh? What? |
| Anna: | Yes, yes, yes. Trump said the other day, "If Putin said that I am good, it means that I am the best. There is nothing to think about here." [Laughs] |
| Roman: | Yes, yes. [Laughs] |
| Anna: | He is something else. |

GOVERNMENT'S SUBMISSION RE: SCHEDULING/Seleznev
CR11-0070RAJ - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Roman: | Everybody supports him. I don't know… |
|---|---|

Exhibit C - Transcript of FDC Phone Call, December 20, 2015 at 10.

| Roman: | It is a political case. I think it is impossible to win it. But it's ok, we will try our best. |
|---|---|
| Anna: | It's ok. The politics will be changing, that's why everything will be ok. |
| Roman: | Yes. |
| Anna: | Of course, it is political. [Sighs] We have to wait. We have lots of patience. We will wait. |
| Roman: | We will. Ok then. |

Exhibit D - Transcript of FDC Phone Call, December 16, 2015 at 6. Defendant's false and naïve belief that U.S. politics have any bearing on his case has been a constant theme in his conversations with his father throughout this case. While defendant's belief is misguided, it has motivated him to continually manufacture delays in this trial. Defendant's request to conduct additional testing on the laptop computer would merely result in additional unnecessary delay in furtherance of defendant's goal of delaying this trial as long as the Court will permit.

**B.   Defendant's Requested Testing Will Lead to Further Delay**

The testing defendant seeks to perform will lead to extensive delay and may require further continuances of the trial date. Counsel has indicated that the defense expert must conduct a:

> live test against the original computer's solid state drive, in its original hardware and firmware enclosure. Our experts will confer with your experts on the parameters of the test and the protocols etc. The idea is to take the laptop and put it in the same state it was in from 5 July to 1 August and see what happens with the file activity. I want this done before we file the motion.

As indicated in defendant's request, this is a test that would take nearly a month. Once that testing is completed, defendant will presumably need additional time for his expert to prepare reports documenting his findings before they could even begin the briefing of this

GOVERNMENT'S SUBMISSION RE: SCHEDULING/Seleznev
CR11-0070RAJ - Page 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

motion. That schedule would likely draw out the briefing of defendant's motion well into the summer. Based on defendant's past behavior, it is likely that this delay will lead to yet another defense request for a continuance.[1]

The defense's proposed schedule and discovery request is based on the presumption that he will be permitted to file additional late reports from multiple "experts." However, the expert report deadline passed on March 7, 2016, and the Court already denied defendant's request to file additional late expert reports. The government understands that the Court has granted defendant leave to file a Motion to Suppress based on the one timely report (the report of Eric Blank) produced by the defense. Defendant should not be allowed to submit additional late reports in support of the motion, and certainly should not be given additional time or discovery to generate those late reports.

The government also notes that defendant's request for a continuance and arguments in support of his request for additional testing appear to be based largely on the *ex parte* expert declaration of Randall Karstetter, that the government has not had an opportunity to review. Should the Court allow defendant to file a motion to compel, the government objects to defendant's submission of this declaration *ex parte* and asks the Court to unseal that declaration and provide a copy to the government prior to ruling on any motion to compel.

**C.     The Government Objects to Any Testing of the Original Solid State Drive and Computer**

The government objects to any testing of the original computer's solid state drive as forensically unsound and unworkable. Testing the original solid state drive would forever alter the original evidence. As defendant's own expert has explained:

---

[1] The government also notes that despite counsel's promise to the Court that defense counsel Emma Scanlan would be working solely on this matter in order to be prepared for trial by the new trial date, Ms. Scanlan recently entered a notice of appearance in *USA v. Tran et al*, CR15-0120JCC, which is scheduled for trial on April 18, 2016, before Judge John C. Coughenour.

GOVERNMENT'S SUBMISSION RE: SCHEDULING/Seleznev
CR11-0070RAJ - Page 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> Whenever possible, computer forensics professionals work with images, rather than original drives, to protect against inadvertent damage to or modification of the original data. This original data contains fragile and easily overwritten information about how and why files are created, user activity, and a host of other data.

*See* Defendant's Exhibit 4 to Motion for Leave to File Late Motion to Suppress at 13. Because testing the original solid state drive would forever alter the data on the drive and is inconsistent with sound forensic practice, the government strongly objects to defendant's request to test the original computer and solid state drive.

**D. The Forensic Image Produced by the Government Provides Defendant With The Ability to Conduct Testing Necessary to Support His Motion**

In October 2014, the government provided defendant with a forensic image of the original solid state hard drive from defendant's computer. Since that time, the defense has had the ability to conduct any testing necessary. Although the government does not believe it is possible to replicate the precise conditions of the original computer necessary to produce particularly useful test results (either using the original device or a copy), the testing defendant proposes to conduct could be completed with the forensic image and a sample computer of the same make and model of defendant's original computer. The government has previously confirmed that it is possible to load the forensic image onto a new solid state drive and operate the drive using a test computer of the same make and model as defendant's original computer to examine how the original device operated.[2] Defendant is in the same position as the government in terms of their ability to conduct similar testing. Therefore, defendant's demand for access to the original device is unnecessary.

///

///

---

[2] The government produced a report describing this process to defense in December 2015.

GOVERNMENT'S SUBMISSION RE: SCHEDULING/Seleznev
CR11-0070RAJ - Page 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  **E.    Defendant Has Neither Sought, Nor Received, Leave to File a Late Discovery Motion.  The Court Should Deny Any Request for Leave to File a Late Discovery Motion**

Defendant was specifically instructed by the Court that he would not be permitted to file late motions absent leave of the Court.  Although defendant sought permission to file a late motion to suppress, that motion made absolutely no mention of additional discovery requests, and failed to establish any good cause for filing a late motion for discovery.  The deadline to file discovery motions was January 19, 2016.  Therefore, defendant is prohibited from filing a motion to compel discovery absent a showing of good cause.  For the reasons set forth above, defendant cannot establish good cause.

### III.    CONCLUSION

The government's proposed schedule is consistent with the Court's instructions to the parties.  The Court has instructed defendant to file his motion to suppress in the "very near future."  The government has submitted a proposed case schedule that requires defendant to file his motion to suppress by Friday April 15, 2016.  Briefing would be completed by April 29, 2016, and the government has proposed setting any necessary

///
///
///

GOVERNMENT'S SUBMISSION RE:  SCHEDULING/Seleznev
CR11-0070RAJ - Page 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

evidentiary hearings for May 10-11, 2016.[3] In light of defendant's history of repeatedly delaying this trial for nearly two years, the Court should not permit defendant to continue manufacturing needless delays.

DATED this 8th day of April, 2016.

Respectfully submitted,

| | |
|---|---|
| ANNETTE L. HAYES<br>United States Attorney | LESLIE R. CALDWELL<br>Assistant Attorney General |
| *s/ Norman M. Barbosa*<br>NORMAN M. BARBOSA | *s/ Harold Chun*<br>HAROLD CHUN<br>Trial Attorney |
| *s/ Seth Wilkinson*<br>SETH WILKINSON | Computer Crime and Intellectual Property Section<br>1301 New York Avenue, NW |
| Assistant United States Attorneys<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Email: Norman.Barbosa@usdoj.gov<br>Email: Seth.Wilkinson@usdoj.gov | Washington, D.C. 20530<br>Email: Harold.Chun@usdoj.gov |

---

[3] Government witness Ovie Carroll is scheduled to speak at the 11th Circuit Judicial Conference May 4-6, 2016, but is available the week of May 9, 2016, should the Court find an evidentiary hearing is necessary.

GOVERNMENT'S SUBMISSION RE: SCHEDULING/Seleznev
CR11-0070RAJ - Page 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

    I hereby certify that on April 8, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

                                            *s/Janet K. Vos*
JANET K. VOS
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax:   (206) 553-0755
E-mail: Janet.Vos@usdoj.gov

GOVERNMENT'S SUBMISSION RE:  SCHEDULING/Seleznev
CR11-0070RAJ - Page 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970