The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ROMAN VALEREYVICH SELEZNEV, <br><br> Defendant. | NO. CR11-0070RAJ <br><br> **RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE "OTHER ACTS" EVIDENCE** <br><br> NOTED:  August 3, 2016 |

## I.      INTRODUCTION

The Second Superseding Indictment charges defendant with engaging in a scheme to defraud that included stealing credit card data from "hundreds of retail businesses . . . including but not limited" to 62 businesses identified in the indictment.  Dkt. 90 at ¶ 17.  The indictment alleges that defendant executed this scheme to defraud in this district by means of 11 specific wire transmissions involving local victims, such as Mad Pizza and Grand Central Baking.

Defendant moves to exclude evidence of intrusions other than the 11 wire transmissions charged as executions.  Dkt. 365.  Defendant mistakenly characterizes these intrusions as "separate and distinct criminal acts," when they are in fact part of the single scheme to defraud with which defendant is charged.  *Id.* at 1.

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's motion is contrary to black-letter law. It is well established that, in a prosecution alleging a scheme to defraud (such as a mail fraud or wire fraud prosecution), the government is entitled to present evidence of the entire scheme to defraud, and is not confined by the specific wirings or mailings charged as executions of the scheme. In this case, evidence of defendant's hundreds of intrusions is direct evidence of the existence of a scheme to defraud, and is not "other acts" evidence subject to Rule 404(b) as defendant suggests. Accordingly, the motion should be denied.

## II. BACKGROUND

### A. The Scheme to Defraud

On October 8, 2014, the grand jury returned a Second Superseding Indictment (hereinafter "the indictment") charging defendant with, *inter alia*, 11 counts of wire fraud in violation of 18 U.S.C. § 1343 and 2. The indictment sets forth the object of the scheme to defraud as follows:

> The object of the scheme and artifice to defraud was to obtain, market, and sell stolen credit card numbers on underground websites for the purpose and with the intent that the stolen credit card numbers would then in turn be used for fraudulent transactions across the United States and in foreign countries, thereby defrauding the issuing banks and the merchants that accepted the cards for payment based on the false pretense that the users of the stolen credit card numbers were authorized users of those credit card numbers. By way of this series of criminal actions, the defendant intended to and did generate and receive millions of dollars in illicit profits, and caused millions of dollars in losses to banks and merchants.

*See* Second Superseding Indictment, Dkt. 90 at p. 2, ¶ 2.

The indictment alleges defendant, "and others known and unknown to the Grand Jury," configured multiple "dump collection" servers including a server in McLean, Virginia to receive and compile the stolen credit card numbers that defendant hacked as part of a wide ranging scheme to target point of sale systems all over the world. *Id*. at p. 4, ¶ 8. In addition, the indictment alleges that defendant and his co-conspirators scanned

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

computers throughout the world for vulnerabilities that they could use to facilitate their fraud scheme. *Id*. ¶ 10.

The indictment plainly defines the scope of the scheme to defraud as including intrusions into hundreds of businesses. Specifically, the indictment alleges that, through the use of the techniques described above, defendant identified, hacked into, and stole data from "*hundreds of retail* businesses in the Western District of Washington and elsewhere *including, but not limited to* . . ." 62 business locations named in the indictment. *Id*. at p. 6, ¶ 16 (emphases added).

At trial, the evidence will show that the hundreds of attacks were part of a single scheme achieved using common methods and computer infrastructure. For example, Detective Dunn will testify the evidence he gathered with respect to these hundreds of victims showed: 1) all were infected with the same family of custom malware; 2) the majority used similar point of sale software; 3) most had been hacked via compromise of remote desktop access; and 4) most were engaged in a similar business operations (primarily restaurants, particularly pizza restaurants). The data from all attacks was then offered for sale on defendant's websites.

**B. Execution of the Scheme to Defraud**

The wire fraud statute requires the government to prove that the scheme to defraud was executed by means of at least one interstate or foreign wire transmission in furtherance of the fraud. 18 U.S.C. § 1343. To establish venue, the indictment must charge that at least one of the wirings was "begun, continued or completed" in this district. *United States v. Pace*, 314 F.3d 344, 350 (9th Cir. 2002). Accordingly, Paragraph 32 of the Indictment alleges, as executions, 11 specific wirings in this district in furtherance of the fraud. These examples are just a small subset of the many (probably tens of thousands of) wirings that defendant used in the course of his scheme. The charged executions include transmissions to local businesses including several Mad Pizza locations, Grand Central Baking Company and Broadway Grill. Dkt. 90 ¶ 32.

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III.     ARGUMENT

Defendant contends that evidence of intrusions other than the 11 listed executions constitutes "other acts" evidence that should be excluded under Rule 404(b).  Rule 404(b) applies when the government seeks to introduce evidence of conduct *other than* that charged in the indictment.  Here, however, the hundreds of intrusions at issue are part of the charged scheme, and are therefore admissible to prove that scheme.  The evidence is thus not "other acts" evidence at all, and does not implicate Rule 404(b).

To sustain a conviction for wire fraud, the government must prove, *inter alia*, (1) the *existence* of a scheme to defraud; and (2) that fraud scheme was *executed* by means of interstate or foreign wire transmissions.  Ninth Circuit Model Instruction 8.124.  The flaw in defendant's motion is that it confuses these two elements and mistakenly assumes that the scope of the scheme to defraud is limited to the executions (wirings) listed in the indictment.  This is not the law.

The Ninth Circuit and other courts have repeatedly held that, in proving the existence of a scheme to defraud, the government is entitled to present evidence of the entire scheme.  The government is not limited (as defendant asserts here) to evidence of victims involved in the charged executions.  *United States v. Montgomery*, 384 F.3d 1050, 1061-62 (9th Cir. 2004) (in prosecution alleging nineteen counts of mail fraud, government was properly allowed to present evidence of more than one thousand incidents of fraud); *United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989) (where wire fraud indictment referred to a single victim but described the scheme "in terms that indicated a far wider scope of operations," government properly introduced evidence of other victims of the same scheme not referenced in the indictment); *see United States v. Dula*, 989 F.2d 772, 777 (5th Cir. 1993) (in wire fraud prosecution, evidence of fraud on victims not referenced in the indictment "was relevant to the existence of a scheme to defraud and therefore independently admissible as direct proof of the scheme charged"); *United States v. Roylance,* 609 F.2d 164, 167 (10th Cir. 1982) (in mail fraud prosecution, evidence of fraudulent transactions other than those specified in the indictment "did not

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

constitute excludable other crimes evidence, but proof highly probative of the existence of the very scheme" charged in the indictment); *United States v. Nelson*, 570 F.2d 258, 262 (8th Cir. 1978) (rejecting argument that court should have excluded evidence of conduct occurring before the charged wirings; "evidence presented concerning the existence of a scheme . . . prior to the placing of the calls was appropriately introduced to prove one of the elements, *i.e.,* a scheme to defraud").[1]

As discussed above, the indictment alleges that the scheme to defraud includes hundreds of victims, "including but not limited to" the 67 victims referenced in Paragraph 16 of the indictment. Here, while the execution section of the indictment (Paragraph 32) focuses on 11 specified wirings in this district, the indictment alleges a scheme that goes far beyond those wirings. The charged scheme includes hacking into point of sale systems, stealing credit cards, and trafficking in those stolen credit cards over the internet. The indictment alleges—and the evidence will show—that defendant used the same malicious software, the same servers, the same email accounts and the same websites to steal and sell credit card data from hundreds of victims. Therefore, all of these intrusions are part of a single inextricably intertwined scheme to defraud, and evidence of those intrusions is not evidence of "other acts" implicating Rule 404(b).

//

//

//

---

[1] The same rule is applied in conspiracy cases, which generally follow the same principles as mail fraud and wire fraud cases. *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (recognizing the "well established rule that the government in a conspiracy case may submit proof of the full conspiracy; it is not limited in its proof to the overt acts alleged in the indictment"); *see United States v. Stapleton*, 293 F.3d 1111, 1117 (9th Cir. 2002) (noting that the law of conspiracy and schemes to defraud are generally "parallel" and that "similar evidentiary rules apply" to conspiracies and schemes to defraud).

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 5

## IV. CONCLUSION

Under the authorities discussed above, the government is entitled to present evidence of the full scope of the fraud to meet its burden of proving the existence of a scheme to defraud. The motion should be denied.

DATE: July 29, 2016.

ANNETTE L. HAYES
Acting United States Attorney

LESLIE R. CALDWELL
Assistant Attorney General

*/s/ Norman M. Barbosa*
NORMAN M. BARBOSA
Assistant United States Attorney
Western District of Washington

*/s/ Harold Chun*
HAROLD CHUN
Trial Attorney
Computer Crime and Intellectual Property Section

*/s/ Seth Wilkinson*
SETH WILKINSON
Assistant United States Attorney

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on July 29th, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for Defendant.

*s/ Jennifer J. Witt*
JENNIFER J. WITT
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2520
Fax: 206-553-2502
E-mail: Jennifer.Witt@usdoj.gov

Response Motion to Exclude "Other Acts" Evidence
Seleznev/CR11-0070RAJ - Page 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970