The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff<br><br>　　　　　v.<br><br>ROMAN SELEZNEV,<br><br>　　　　　　　　　　　Defendant. | NO.  CR11-0070RAJ<br><br>ORDER ON GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IMPROPER EXPERT TESTIMONY OF ERIC BLANK |
|---|---|

THIS MATTER comes before the court on the government's motion to exclude the late-disclosed and improper expert testimony of Eric Blank.  Essentially the government contends Mr. Blank's opinions violate the court's case scheduling order, fail to comply with FRCP 16(b)(1)(C) because they do not describe the "bases and reasons" for his opinions, the notices do not disclose his qualifications that establish his ability to opine on the new issues, and generally that his opinions regarding credit card trafficking or summary opinion of the evidence would not assist the jury in understanding the evidence.

The defendant has countered by alleging equal culpability in late expert disclosures by the government. The defense further represents the disclosure of Mr. Blank's opinions were timely "rebuttal" disclosures fully meeting the case scheduling

deadline of July 15, 2016. More specifically, the defense contends the challenged opinions were in direct response to the government's proffered expert testimony.

As to timing of Mr. Blank's disclosures, the court sees little value in trying to resolve the problem of late disclosures when the response is essentially, the other party was late so no harm no foul. Rather, the court looks to see what was disclosed and whether it was truly rebuttal testimony. Based upon the defendant's response, the court finds there is a sufficient basis to conclude that the opinions are offered to rebut those tendered by the government. To insure this is the case, when Mr. Blank is testifying, the defense needs to clarify exactly what opinions of the government experts he is rebutting in his July 15, 2016 disclosures. The government reserves the right to renew this challenge if the defense inquiry fails to meet these conditions.

The court notes that to the extent the government challenges the absence of detail of the bases and reasons for Mr. Blank's opinions, some of that has been addressed by the detail provided in the defendant's response to the government's motion, *e.g.*, that he agrees with some of the companies identified in the discovery that analyzed the malware and concluded that it does not actually cause the exfiltration of the credit card data (Dkt. #377, page 4), and that in response to the Fishnet Security evaluation, Mr. Blank will testify that the malware is not always configured to direct the exfiltration of the credit card data and that it is not known how the credit card data was actually sent from the infected server to another outside server, and that keylogging is not a unique feature of Kameo malware (Dkt #377, page 5).

What is missing, however, is that Mr. Blank has failed to disclose to the government how he established a basis for his own independent opinions regarding the functionality of specific samples of malware discussed in private forensic reports. This information shall be disclosed to the government by August 11, 2016.

As to the government's claim that it would need additional time to consult with and potentially hire its own counter-experts, the court does not believe exclusion of Mr. Blank's testimony is an appropriate remedy. The government has identified a cadre of

experts, including law enforcement experts who certainly appear to have the necessary expertise to counter all of Mr. Blank's opinions.

What also appears to be missing from Mr. Blank's disclosures, is full compliance with Rule 16. Hence, the court orders the defendant to produce, no later than August 11, the precise bases for his opinions and the qualifications he possesses to offer such opinions. If there is still an issue regarding Mr. Blank's qualifications, the court will permit further examination of his qualifications outside of the presence of the jury and certainly before he is permitted to render such opinions before the jury. Mr. Blank is also required to identify the specific malware he analyzed by file name, hash value, and source of malware.

The court is aware that the defendant provided the government with more information regarding Mr. Blank's opinion regarding the exfiltration capabilities of the Kameo malware. Perhaps, this will render some component of the government's motion moot.

The only remaining issue pertains to the government's concerns about Mr. Blank offering an opinion that Mr. Seleznev is not guilty or that the evidence is unreliable. The defense has conceded this point and agreed this will not be a component of Mr. Blank's testimony (Dkt. #377, page 5). The court will hold defendant to these representations, hence no further action is necessary.

For the foregoing reasons, unless clarified in this order, the government's motion (Dkt. #363) is **GRANTED in part and DENIED in part**.

DATED this 4th day of August, 2016.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER ON GOVERNMENT'S MOTION
TO EXCLUDE LATE-DISCLOSED AND
IMPROPER EXPERT TESTIMONY OF ERIC BLANK - 3