The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR11-0070RAJ |
| Plaintiff | |
| v. | ORDER ON DEFENDANT'S |
| ROMAN SELEZNEV, | MOTION TO EXCLUDE |
| | OTHER ACTS EVIDENCE |
| Defendant. | |

     The defendant requests that the Court exclude evidence and testimony regarding other retail businesses that the government alleges were hacked into by Mr. Seleznev but not part of the charged conduct.  The defendant contends that these alleged intrusions were committed from different places, and over a range of time, and consequently not a part of a single criminal episode.  The defendant dually challenges such evidence as inadmissible Rule 404(b) evidence and that it is impermissible to admit it as being inextricably intertwined with the charged conduct.

     The government challenges the defendant's motion and asserts that the proposed evidence is not Rule 404(b) evidence. More specifically the government contends that in proving the existence of a scheme to defraud, the government is entitled to present evidence of the entire scheme.

///
///

ORDER ON DEFENDANT'S MOTION
TO EXCLUDE OTHER ACTS EVIDENCE - 1

The court analyzes the arguments by first looking at the Second Superseding
Indictment charging language which reads in part:

> 16.     It was further part of the scheme and artifice to defraud that,
> using the same or similar techniques to those described above,
> ROMAN SELEZNEV, and others known and unknown to the Grand
> Jury, hacked into, installed malware on, and stole credit card track
> data from, *hundreds of retail businesses* (emphasis added) in the Western
> District of Washington and elsewhere, but not limited to:…(62 business
> locations specifically named in the indictment but not here for brevity of
> reference.)

Dkt. 90, page 6.

A plain and simple reading of the indictment defines the scope of the scheme to
defraud to include intrusions into hundreds of businesses.  The allegations of the
indictment and the government's proffer of evidence to be presented at trial clearly allow
the government to present evidence that the other act evidence is part of a single scheme
utilizing common methods and computer infrastructure.

Next, the court considers the charging scheme in light of the proposed evidence.
The charging scheme of the government indicates that the defendant's conduct evidences
utilization of the same type of software, the same servers, the same email accounts and
the same websites to allegedly steal and sell credit card data from hundreds of victims far
beyond those charged in the indictment.  As noted in *United States v. Williams*, 989 F.2d
1061 (9th Cir. 1993) and reaffirmed in *United States v. Montgomery,* 384 F.3d 1050 (9th
Cir. 2004), "[t]he policies underlying Rule 404(b) are inapplicable when offenses
committed as part of a single criminal episode become other acts simply because the
defendant is indicted for less than all of his actions."

The court agrees that under the circumstances presented, the government is correct
in its assertion that the evidence is admissible because it fits within the parameters of
"inextricably intertwined" evidence that has routinely been admitted in this Circuit.
*United States v. Montgomery*, 384 F.3d 1050, 1061-1062 (9th Cir. 2004; *United States v.*

1    *Mundi,* 892 F2d 817, 820 (9th Cir. 1989) and *United States v. Williams,* 989 F.2d 1061

2    (9th Cir. 1993).

3           Consequently, the court finds that the intrusions noted by the government as part

4    of its case in chief may include the challenged evidence.  These intrusions appear to be a

5    part of a single inextricably intertwined scheme to defraud, and evidence of those

6    intrusions is not evidence of "other acts" implicating Rule 404(b).

7           For these reasons, the defendant's motion (Dkt. #365) is **DENIED.**

8           DATED this 4th day of August, 2016.

9

10                                          _____

11                                          The Honorable Richard A. Jones

12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON DEFENDANT'S MOTION
TO EXCLUDE OTHER ACTS EVIDENCE - 3