The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROMAN SELEZNEV,<br><br>Defendant. | NO.  CR11-0070RAJ<br><br>ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

The court rules on the defendant's motions in limine (Dkt. #364) as follows:

**A.    Scope of Cross-Examination.**

The court references *United States v. Laurensen,* 2000 WL 1693538 (S.D.N.Y. Nov. 13, 2000) as a basis for the ground rules on this motion.  Absent a good faith basis, defense counsel is not permitted to present evidence or arguments on defendant's behalf that directly contradicts specific factual assertions summarized in the government's summary of the proffer.

It does not appear the defense disputes the contents of the government's summary. That being the case, the only issue on the ineffective assistance issue is how far defense counsel is permitted to go in their questions and arguments.

Much of that answer depends upon how counsel frames their questions in light of the general categories outlined on pages 3 and 4 of the defendant's motions in limine. The court will not rule in a vacuum on the questions defense counsel will be permitted to ask.  Consequently, the court will reserve ruling on the specifics of this motion due to the uncertainty of the precise questions to be asked.  This determination will be made in trial.

The court does agree, however, with the categorical limitations on what the defense may challenge in the presentation of the defense: The sufficiency of evidence, calling into question the credibility of government witnesses, questioning witnesses about their knowledge, qualifications and motive to testify, and challenging inconsistencies in the evidence.

In addition, defense counsel is permitted to ask questions outside the bounds of factual admissions made by Mr. Seleznev during the interview.  In order for the court to rule upon any specific objection to a question by the defense that the government believes was covered during the interview, the court expects the government to precisely indicate where in the proffer the restriction should be applied.

**B.    Government's Proposed Summary Exhibits.**

The defense challenges the government's FRE 1006 offering of a variety of exhibits on grounds that the offering is not voluminous, that the data is easily readable and contains information that is easily accessible to the jury, easily explained by the source document, or that it does not condense information from voluminous records. Based upon these challenges, the defense argues the exhibits should not be allowed as substantive evidence.

Rule 1006 has three conditions that must be satisfied to support admissibility:

1.    The writings must be voluminous;

2.    There must be a proper foundation for introduction of summary *i.e.*, the originals must be admissible;

3.    Originals must be made available for examination or copying.

The defense appears to primarily contest only the first of the conditions, *i.e.*, are the documents voluminous.

In the order raised by the defense, the court rules as follows:

**1.    Proposed Summary Ex. 1.15:**    The motion is denied.  This court has already noted in prior rulings that the computer data is extremely dense and difficult to review in its raw format.  The very nature of the contents should make the volume

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 2

argument a non-issue.  This summary references computer file tables, raw malware code excerpts, browsing history tables, and system event logs.  This meets every aspect of the intent of FRE 1006.

    **2.**    <u>**Proposed Summary Ex. 4.12**</u>**:**  The motion is denied.  The proposed offering summarizes five different domain reports which are 254 pages long according to the government's proffer.  The court agrees with the government that a summary exhibit extracting the relevant information will assist the jury and contribute to clarity of the presentation.  This will streamline the ability of the jury to understand the volume of data.

    **3.**    <u>**Proposed Summary Ex. 4.14**</u>**:**  The motion is denied.  While 48 pages is not an extraordinary volume, what is determinative is the content of the volume presented.  Here, it is 48 pages of domain registration records.  The court has inspected the sample provided by the government and affirms the summary is appropriate.

    **4.**    <u>**Proposed Summary Ex. 9.11**</u>**:**   The motion is denied.  The government has proffered that the underlying evidence consists of thousands of pages of transaction records documenting over 68,000 transactions and thousands of login sessions.  Clearly this meets the voluminous component of FRE 1006.

    **5.**    <u>**Proposed Summary Ex. 13.30**</u>**:**  The motion is denied.  The defendant challenged this as an FRE 1006 summary and it is not offered as such by the government.  This is substantive evidence and is admissible if the government establishes that the data contained therein reflects items of evidence found on the defendant's computer.

    **6.**    <u>**Proposed Summary Exhibit 13.31**</u>**.**  The motion is denied for the same reasons as noted for Ex. 13.30.

    **7.**    <u>**Proposed Summary Ex. 13.40**</u>**:**  This motion is denied.  The government contends this summary reflects underlying data allegedly from the master file table from the defendant's computer.  If believed, the proffer of the government suggests the underlying data contains a massive amount of information that supports the summary admission of the exhibit.

      **8.**     <u>**Proposed Summary Ex. 16.1:**</u> The defendant challenges the admission of this exhibit because he contends he is unable to verify that the credit card numbers submitted to the card issuers are an accurate duplication of the credit card number found on the servers. The defendant also contends the source records for summary were not kept in the ordinary course of business and that the summaries are not verifiable.

      The defendant's challenge could properly be denied for the sole reason that it is an untimely new motion raised for the first time in a reply brief. But in the interest of resolving all of the issues before trial, it will be considered.

      The government has responded via proffer that the evidence at trial will establish that the underlying records maintained by the card brands are regularly-conducted activity. The government has also detailed in their response to defendant's motion (Dkt. #391) the manner in which they will establish that these records were maintained in the regular course of business. The court will hold the government to this representation. If it fails to establish the same, the summary exhibit will not be admitted, but it would be improper to exclude the summary at this juncture.

      In addition, the record appears to indicate the government has produced all of the underlying evidence to the defense to support their summary. The defense will certainly have the opportunity to cross-examine or voir dire Ms. Wood as to any discrepancies they believe exist.

      For all of these reasons the motion is denied.

      **9.**     <u>**Proposed Summary Ex. 16.14:**</u> While the volume of data is not extraordinarily voluminous, the court again looks to the content of the volume submitted. Here, it is 40 entry stamps from different countries. The government's argument is essentially that it will be easier to read in the proposed exhibit. Easier to read does not meet the requirements of FRE 1006. The court will allow the government to offer the exhibit for illustrative purposes and as an aid to assist the jury in understanding what is being offered, but the summary will not be allowed as substantive evidence going back to the jury room.

Accordingly, the motion is granted in part and denied in part.

**C.    Testimony Of Svetlana Zharova.**

The court reserves ruling on this motion in the event this witness attends the trial.

**D.    Expert Testimony.**

**1.    Profile Evidence.**  The court agrees that profile evidence of the type offered in *United States v. Gillespie*, 852 F.2d 475 (9th Cir. 1988) will not be admitted. Nor will evidence be allowed that includes descriptions of the conduct of persons who were found guilty of related offenses involving computer hacking.  Nor will evidence be allowed that expresses an opinion on the defendant's mental state.  To this extent, this aspect of the defendant's motion is granted.

However, the government will be permitted to offer evidence of common hacker methodology so long as they are not offering evidence of personal attributes or personal characteristics of the defendant.

Modus operandi testimony is traditionally allowed testimony in the Ninth Circuit. It is common practice to allow this type of testimony to help the jury understand the significance of certain pieces of evidence.  The examples provided by the government (gangs, drug dealers, street terminology) certainly fit within this practice.  Most recently this court in a sex trafficking case allowed modus operandi testimony to explain the relationship between pimps and prostitutes (*United States v. Powell*, CR15-244RAJ). The modus operandi type evidence proposed by the government is not objectionable and such testimony upon proper foundation will be permitted.  To this extent the defendant's motion is denied.

**2.    Hybrid Fact And Expert Witnesses.**  The defense does not dispute that the government is entitled to call witnesses who are both a fact and expert witness.  The question is what procedure will the court use when such witnesses testify.  There is no need to separately analyze the witnesses as suggested by the defendant.  This summary ruling will suffice.

It is also understood that any witness testifying as an expert must have the proper foundation established to allow their testimony as an expert.

First, no combination lay/expert witness will be permitted to state an opinion as to whether the defendant did or did not have the mental state or condition to constitute an element of the crime or a defense thereto. Nor will any such testimony be permitted regarding the guilt or innocence of the defendant.

The court will not require the bifurcation of testimony as proposed by the defense.

The court will, however, direct the government to clarify to the extent possible when the witness is testifying as an expert. This can be done simply by prefacing a question with: "Is it your professional opinion that…."

It would also be helpful for the defense to submit a proposed instruction on the receipt of dualized testimony that could be read to the jury in advance of any witness fitting into this category.

Accordingly, this motion is granted in part and denied in part.

**E.     Law Enforcement Opinion Testimony.**

The government is not intending to offer or elicit such testimony so this issue is moot.

**F.     FDC Calls.**

See response to Section (E) above.

**G.     Pending Charges In Nevada And Georgia.**

This motion is granted. No evidence of any pending charges in Nevada or Georgia will be permitted.

**H.     Exclusion Of Witnesses.**

This motion is granted. The government is, however, permitted to have Special Agent David Mills present at counsel table as the case agent pursuant to Rule 615 (b).

**I.     Witnesses Discussing The Case.**

This motion is granted.

///

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 6

J.  **Advance Notice Of Witness Order.**

The court orders that the government shall advise counsel of the expected order of witnesses for the following day of trial.  This has been the customary practice of this court.

To the extent possible, the government should strive to provide as much notice as possible of the expected order witnesses, even as far out as 48 hours.

DATED this 4th day of August, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge