THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROMAN SELEZNEV,<br><br>Defendant. | NO. CR11-0070RAJ<br><br>JURY INSTRUCTIONS |

Given in open court this 24th day of August, 2016.

_____

The Honorable Richard A. Jones
United States District Judge

JURY INSTRUCTIONS-1

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTIONS-2

INSTRUCTION NO. 2


A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

1

2

INSTRUCTION NO. 3

3          Proof beyond a reasonable doubt is proof that leaves you firmly convinced the

4     defendant is guilty.  It is not required that the government prove guilt beyond all possible

5     doubt.

6          A reasonable doubt is a doubt based upon reason and common sense and is not

7     based purely on speculation.  It may arise from a careful and impartial consideration of

8     all the evidence, or from lack of evidence.

9          If after a careful and impartial consideration of all the evidence, you are not

10    convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find

11    the defendant not guilty.  On the other hand, if after a careful and impartial consideration

12    of all the evidence, you are convinced beyond a reasonable doubt that the defendant is

13    guilty, it is your duty to find the defendant guilty.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS-4

INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.

JURY INSTRUCTIONS-5

INSTRUCTION NO. 5

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTIONS-6

INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)      the witness's opportunity and ability to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case, if any;

(5)      the witness's bias or prejudice, if any;

(6)      whether other evidence contradicted the witness's testimony;

(7)      the reasonableness of the witness's testimony in light of all the evidence; and

(8)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTIONS-8

INSTRUCTION NO. 8

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

JURY INSTRUCTIONS-9

INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

JURY INSTRUCTIONS-10

INSTRUCTION NO. 10

Translations of Russian documents have been admitted into evidence in this trial. Whether the translations are accurate translations of the non-English portions of the documents in whole or part is for you to decide based on the evidence presented to you. In considering whether a translation accurately describes the meaning of the document, you should consider any testimony presented to you regarding how and by whom the translation was made, as well as any testimony disputing the translation of any words in the translation. You may consider the knowledge, training, and experience of the translator if called as a witness.

Although some of you may speak the Russian language, it is important that all jurors consider the same evidence. Therefore, you should not consider your own understanding of the Russian language in evaluating the accuracy of the translations admitted into evidence.

JURY INSTRUCTIONS-11

INSTRUCTION NO. 11

The indictment charges that the offenses alleged in Counts 1-40 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

JURY INSTRUCTIONS-12

INSTRUCTION NO. 12

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  Those charts and summaries that were not admitted in evidence, will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 13

Other charts and summaries have been admitted in evidence.  These charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

JURY INSTRUCTIONS-14

INSTRUCTION NO. 14

You have heard testimony from various witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTIONS-15

INSTRUCTION NO. 15

You have heard testimony from witnesses who testified to both facts and opinions and the reasons for those opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTIONS-16

INSTRUCTION NO. 16

The defendant is charged in Counts 1 through 11 of the Indictment with wire fraud.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat;

Fourth, the defendant transmitted, or caused to be transmitted, by wire communication in interstate or foreign commerce, writings, signs, or signals to carry out or attempt to carry out an essential part of the scheme.  A wire communication is in interstate or foreign commerce if it goes across a state line or national border.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wire transmission is caused when one knows that the wire transmission will be used in the ordinary course of business or when one can reasonably foresee such use.

The following chart sets forth the dates of the alleged acts of wire fraud.  You may refer to this chart during your deliberations:

//

JURY INSTRUCTIONS-17

| Count | Date | Wire Transmission |
|---|---|---|
| 1 | 8/6/10 | Transmission of malware from outside the State of Washington to a computer belonging to Mad Pizza Madison Park in Seattle, Washington |
| 2 | 8/7/10 | Transmission of malware from outside the State of Washington to a computer belonging to Mad Pizza First Hill in Seattle, Washington |
| 3 | 8/9/10 | Transmission of malware from outside the State of Washington to a computer belonging to Casa Mia Italian Pizzeria restaurant in Yelm, Washington |
| 4 | 8/28/10 | Transmission of malware from outside the State of Washington to a computer belonging to Mad Pizza South Lake Union in Seattle, Washington |
| 5 | 10/4/10 | Transmission of malware from outside the State of Washington to a computer belonging to Grand Central Baking Company in Seattle, Washington |
| 6 | 10/22/10 | Transmission of malware from outside the State of Washington to a computer belonging to Broadway Grill in Seattle, Washington |
| 7 | 11/2/10 | Transmission of malware from outside the State of Washington to a computer belonging to Mad Pizza Starfire in Tukwila, Washington |
| 8 | 12/15/10 | Transmission of malware from outside the State of Washington to a computer belonging to Mad Pizza South Lake Union in Seattle, Washington |
| 9 | 12/23/10 | Transmission of stolen credit card data from Village Pizza in Anacortes, Washington, to a server controlled by defendant outside the State of Washington |
| 10 | 1/10/11 | Transmission of stolen credit card data from Mad Pizza Starfire in Tukwila, Washington, to a server controlled by defendant outside the State of Washington |
| 11 | 10/26/13 | Transmission of malware from outside the State of Washington to a computer belonging to Red Pepper Pizzeria in Duvall, Washington |

JURY INSTRUCTIONS-18

INSTRUCTION NO. 17


An intent to defraud is an intent to deceive or cheat.

JURY INSTRUCTIONS-19

INSTRUCTION NO. 18

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

JURY INSTRUCTIONS-20

INSTRUCTION NO. 19

The jury may find the term "financial institution" in the verdict form.  The term "financial institution" means:

(1) An insured depository institution of the Federal Deposit Insurance Act; or

(2) A credit union with accounts insured by the National Credit Union Share Insurance Fund.

1

INSTRUCTION NO. 20

2

3     A defendant's act of wire fraud affects a financial institution if his or her acts of

4 wire fraud caused a new or increased risk of loss to the financial institution.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS-22

INSTRUCTION NO. 21

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. 22

The defendant is charged in Counts 12-20 of the indictment with intentional damage to a protected computer. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of a program, information, code, or command to a computer;

Second, as a result of the transmission, the defendant intentionally impaired, without authorization, the integrity of a program, system or information; and

Third, the computer was used in or affected interstate or foreign commerce or communication.

The following chart sets forth the dates of the alleged acts of damage to a protected computer. You may refer to this chart during your deliberations:

| Count | Date | Victim |
|-------|------|--------|
| 12 | 8/6/10 | Mad Pizza Madison Park (Seattle) |
| 13 | 8/7/10 | Mad Pizza First Hill (Seattle) |
| 14 | 8/9/10 | Casa Mia Italian Pizzeria restaurant (Yelm) |
| 15 | 8/28/10 | Mad Pizza South Lake Union (Seattle) |
| 16 | 9/13/10 | Village Pizza (Anacortes) |
| 17 | 10/4/10 | Grand Central Baking Company (Seattle) |
| 18 | 10/22/10 | Broadway Grill (Seattle) |
| 19 | 11/2/10 | Mad Pizza Starfire (Tukwila) |
| 20 | 10/26/13 | Red Pepper Pizzeria (Duvall) |

JURY INSTRUCTIONS-24

INSTRUCTION NO. 23


The defendant is charged in Counts 21-29 of the indictment with unlawfully

obtaining information from a protected computer without authorization.  In order for the

defendant to be found guilty of that charge, the government must prove each of the

following elements beyond a reasonable doubt:

First, the defendant intentionally accessed without authorization a computer; and

Second, by accessing without authorization a computer, the defendant obtained

information from a computer that was used in or affected commerce or communication

between one state and other states, or between a state of the United States and a foreign

country.

The following chart sets forth the dates of the alleged acts of unlawfully accessing

a protected computer.  You may refer to this chart during your deliberations:

| Count | Begin Date | End Date | Victim |
|-------|-----------|----------|--------|
| 21 | 8/6/10 | 2/15/11 | Mad Pizza Madison Park (Seattle) |
| 22 | 8/7/10 | 2/15/11 | Mad Pizza First Hill (Seattle) |
| 23 | 8/9/10 | 2/23/11 | Casa Mia Italian Pizzeria restaurant (Yelm) |
| 24 | 8/28/10 | 2/1/11 | Mad Pizza South Lake Union (Seattle) |
| 25 | 9/13/10 | 3/26/11 | Village Pizza (Anacortes) |
| 26 | 10/4/10 | 12/1/10 | Grand Central Baking Company (Seattle) |
| 27 | 10/22/10 | 10/27/10 | Broadway Grill (Seattle) |
| 28 | 11/2/10 | 2/1/11 | Mad Pizza Starfire (Tukwila) |
| 29 | 10/26/13 | 5/1/14 | Red Pepper Pizzeria (Duvall) |

INSTRUCTION NO. 24

The defendant is charged in Counts 30-38 of the indictment with possession of fifteen or more unauthorized access devices.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed at least fifteen unauthorized access devices at the same time;

Second, the defendant knew that the devices were unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and other states, or between a state of the United States and a foreign country.

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

The following chart sets forth the date of the alleged possession of access devices for each victim.  You may refer to this chart during your deliberations:

| Count | Date | Victim |
|-------|---------|-----------------------------------------|
| 30 | 8/6/10 | Mad Pizza Madison Park (Seattle) |
| 31 | 8/7/10 | Mad Pizza First Hill (Seattle) |
| 32 | 8/9/10 | Casa Mia Italian Pizzeria restaurant (Yelm) |
| 33 | 8/28/10 | Mad Pizza South Lake Union (Seattle) |
| 34 | 9/13/10 | Village Pizza (Anacortes) |
| 35 | 10/4/10 | Grand Central Baking Company (Seattle) |
| 36 | 10/22/10 | Broadway Grill (Seattle) |
| 37 | 11/2/10 | Mad Pizza Starfire (Tukwila) |
| 38 | 10/26/13 | Red Pepper Pizzeria (Duvall) |

JURY INSTRUCTIONS-26

INSTRUCTION NO. 25

An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access, that can be used alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

A credit card number is an "access device."

JURY INSTRUCTIONS-27

INSTRUCTION NO. 26

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 27


The defendant is charged in Counts 39 and 40 the indictment with aggravated identity theft.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed or used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to the crime of wire fraud or possession of fifteen or more unauthorized access devices.

An access device, as defined in Instruction No. 25, is a "means of identification."

Count 39 charges defendant with aggravated identity theft in connection with a credit card number ending in the digits 5719 belonging to a person with the initials D.K.

Count 40 charges defendant with aggravated identity theft in connection with a credit card number ending in the digits 2897 belonging to a person with the initials R.G.

JURY INSTRUCTIONS-29

INSTRUCTION NO. 28

A defendant may be found guilty of wire fraud, intentional damage to a computer, obtaining information from a computer without authorization, possession of fifteen or more unauthorized access devices, or aggravated identity theft, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of wire fraud, intentional damage to a computer, obtaining information from a computer without authorization, possession of fifteen or more unauthorized access devices, or aggravated identity theft was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud, intentional damage to a computer, obtaining information from a computer without authorization, possession of fifteen or more unauthorized access devices, or aggravated identity theft.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

JURY INSTRUCTIONS-30

INSTRUCTION NO. 29

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 30

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS-32

INSTRUCTION NO. 31

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 32


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

JURY INSTRUCTIONS-34

INSTRUCTION NO. 33


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

JURY INSTRUCTIONS-35

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

JURY INSTRUCTIONS-36