
The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR11-0070RAJ |
|---|---|
| Plaintiff | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL** |
| v. | |
| ROMAN V. SELEZNEV, | NOTED FOR:  December 2, 2016 |
| Defendant. | |

## I.   INTRODUCTION

Defense counsel John Henry Browne and Emma Scanlon have moved to withdraw as counsel.  This will represent defendant's fifth voluntary change of counsel.  This case took over two years to proceed to trial as a result of defendant's repeated changes of counsel, and the Court has already granted one significant sentencing continuance.  In the meantime, Mr. Seleznev faces serious federal charges in two other districts.  *See United States v. Roman Seleznev*, CR12-004 (D. Nevada); and *United States v. Roman Seleznev*, CR09-491 (N.D Georgia).  Both of those cases are on hold while this prosecution remains pending.  Because this change of counsel will likely lead to additional delays in this case and further delay the prosecution of the two other pending cases, the government asks the

RESPONSE TO MOTION FOR SUBSTITUTION OF COUNSEL
Seleznev/CR11-0070RAJ - Page 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court to consider denying defendant's latest request for new counsel as inconsistent with the fair administration of justice.

## II. DISCUSSION

### A. Applicable Law

The Ninth Circuit has held that when a defendant seeks to fire retained counsel and seeks new appointed counsel, the Court must allow the substitution "unless a contrary result is compelled by 'purposes inherent in the fair, efficient, and orderly administration of justice.'" *See United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (quoting *United States v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007). In *Rivera-Corona*, the Ninth Circuit found the "extent-of-conflict review" typically conducted when a defendant seeks to replace appointed counsel with new appointed counsel is inappropriate in such cases. *Id*. at 980-981. In cases like this, the defendant may fire his retained counsel for any reason or no reason "unless the substitution would cause significant delay or inefficiency . . . ." *Id*. at 979-980. Where substitution would result in delay, however, defendant may replace existing counsel with retained counsel only upon a showing of good cause. *See Torres-Rodriguez*, 930 F.3d at 1380 n.2.

Therefore, if the Court finds the requested substitution would result in undue delay, the Court should proceed to inquire as to whether defendant is receiving effective representation from current counsel. *Id*. This Court has "wide latitude in balancing the right" to discharge counsel against "the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006). To determine whether substitution may result in undue delay, the Court should inquire of substitute counsel regarding counsel's familiarity with the case, whether counsel intends to seek additional continuances of the sentencing date, what other client commitments counsel may have that could interfere with effective preparation for sentencing, and whether current counsel is available to assist with brining substitute counsel up to speed.

RESPONSE TO MOTION FOR SUBSTITUTION OF COUNSEL
Seleznev/CR11-0070RAJ - Page 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.     Argument**

As detailed in numerous previous pleadings, defendant has engaged in a clear pattern of using changes of counsel to delay these proceedings.  Should the Court grant defendant's latest request for new counsel, the history and complexity of this case suggests new counsel will likely seek a lengthy continuance of the sentencing date.  Because this case has been pending for over two years and two other federal prosecutions are on hold while this case proceeds, the Court should not allow yet another change of counsel and further delay of these proceedings.  Nonetheless, should the Court grant defendant's request for new counsel, the government requests that the Court keep the current sentencing date.

### III.     CONCLUSION

For the foregoing reasons, the government respectfully requests defendant's motion for substitution of counsel be reviewed carefully, and should new counsel be substituted, that the current sentencing date should remain in place.

DATED this 22nd day of November 2016.

ANNETTE L. HAYES
UNITED STATES ATTORNEY

/s/ Norman M. Barbosa
NORMAN M. BARBOSA
Assistant United States Attorney

/s/ Seth Wilkinson
SETH WILKINSON
Assistant United States Attorney

/s/ Harold Chun
HAROLD CHUN
Trial Attorney

RESPONSE TO MOTION FOR SUBSTITUTION OF COUNSEL
Seleznev/CR11-0070RAJ - Page 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ Kylie Noble*
KYLIE NOBLE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-2520
Fax: (206) 553-4440
E-mail: kylie.noble@usdoj.gov

RESPONSE TO MOTION FOR SUBSTITUTION OF COUNSEL
Seleznev/CR11-0070RAJ - Page 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970