The Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ROMAN SELEZNEV, <br><br> Defendant. | NO. CR11-0070RAJ <br><br> **NOTICE OF POTENTIAL CONFLICT OF INTEREST** |

17
18
19
20
21
22
23
24
25
26
27
28

### I.       BACKGROUND

The United States files this Notice of Potential Conflict of Interest to provide the Court with information relevant to defendant's motion for substitution of counsel, which is scheduled for hearing on Friday, December 2.

On November 1, 2016, a New York-based attorney named Arkady Bukh contacted the United States Secret Service ("USSS") regarding defendant Roman Seleznev, and indicated that Mr. Bukh was "negotiating" with defendant's father, Valery Seleznev, to represent defendant. Mr. Bukh previously represented another defendant with interests directly adverse to Mr. Seleznev. In addition, Mr. Bukh currently represents another client who also has interests directly adverse to Mr. Seleznev, and who is a co-defendant of Mr. Seleznev in another pending matter. The government also believes Mr. Bukh may

Notice of Potential Conflict of Interest
Seleznev - 1

1  have received confidential information relating to Mr. Seleznev from his other clients.

2  Accordingly, Mr. Bukh's potential multiple representation implicates ethical rules,

3  including the duties of confidentiality and loyalty, which may prevent him from

4  representing Mr. Seleznev.  Accordingly, the government notified Mr. Bukh that his

5  representation of Mr. Seleznev would need to be addressed by the Court should he be

6  retained by Mr. Seleznev.

7       On November 22, 2016, a representative of Mr. Bukh's office contacted the USSS

8  again and indicated that the office had been hired as a "consultant" for Mr. Seleznev and

9  began to ask questions about defendant's case.  The Secret Service instructed Mr. Bukh's

10 associate to contact the United States Attorney's Office.

11      On November 28, 2016, the government, having not heard from Mr. Bukh,

12 contacted Mr. Bukh directly.  In a November 29, 2016 telephone call, Mr. Bukh

13 confirmed that he had been hired by Mr. Seleznev's father to "consult" on defendant's

14 case, and has been paid for the representation.  After being advised of the government's

15 concern about the potential conflict of interest, Mr. Bukh indicated he was aware of the

16 conflict of interest and, and a result, would not be entering an appearance in the case, but

17 instead would be serving as a "consultant."  Mr. Bukh stated that another New York

18 attorney, Igor Litvak, with an office nearby Mr. Bukh's offices, plans to enter a formal

19 appearance on defendant's behalf.  Mr. Bukh also stated that he had discussed his

20 potential conflicts of interest with Mr. Seleznev and his other clients, and he believed

21 they would all be willing to waive the conflicts.  However, the extent of Mr. Bukh's

22 disclosures to each of his clients was vague.

23      Regardless of whether Mr. Bukh files a formal notice of appearance in this case,

24 he is by his own admission providing legal services to Mr. Seleznev with respect to this

25 proceeding, and his conduct therefore falls within Washington's Rules of Professional

26 Conduct.  The government believes that under those Rules, Mr. Bukh's representation of

27 defendant raises serious potential conflicts of interest that the Court should address at the

28 hearing on defendant's motion for substitution of counsel on December 2, 2016.  The

Notice of Potential Conflict of Interest
Seleznev - 2

1    Court may consider ordering Mr. Bukh to appear at the hearing or, in the alternative,

2    setting a second hearing for Mr. Bukh to address these issues.

3                              **II.      DISCUSSION**

4    **A.      The Sixth Amendment Requires the Prompt Investigation and Resolution of
              Potential Conflicts of Interest**

5

6         The United States has an obligation to bring a defense counsel's potential conflict

7    of interest to the Court's attention in order to preserve the integrity of the judicial process

8    and to protect the prosecution from post-conviction claims, including the ineffective

9    assistance of counsel.  *See Wheat v. United States*, 486 U.S. 153, 160 (1988) ("federal

10   courts have an independent interest in ensuring that criminal trials are conducted within

11   the ethical standards of the profession and that legal proceedings appear fair to all who

12   observe them.")  The Sixth Amendment guarantees a criminal defendant the right to

13   counsel, and with that guarantee comes the correlative right that such representation be

14   free from conflicts of interest.  *Wood v. Georgia*, 450 U.S. 261, 271 (1981).

15        Trial courts presented with a conflict of interest have an affirmative duty to protect

16   the defendant's rights.  *Glasser v. United States*, 315 U.S. 60 (1942).  The courts "indulge

17   every reasonable presumption against the waiver of fundamental rights."  *Id*. at 70.  If the

18   defendant cannot waive the conflict, or if the defendant chooses not to waive the conflict,

19   the Court must disqualify counsel.  *United States v. Rogers*, 209 F.3d 139, 143 (2d Cir.

20   2000).  The Court's obligations arise whenever there is the possibility that a criminal

21   defendant's attorney suffers any sort of conflict of interest.  *Id.*  The Court must

22   investigate the facts and details of the attorney's interests to determine whether the

23   attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict

24   at all.  *Id*.

25        Even when a defendant is willing to waive a conflict of interest, a court has an

26   independent duty to balance the right to counsel of choice with the broader interests of

27   judicial integrity.  *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992).  The court

28

Notice of Potential Conflict of Interest
Seleznev - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   is required to take action to protect the defendant's Sixth Amendment right to effective

2   assistance of counsel unless, after inquiry, the court believes that a conflict of interest is

3   unlikely to arise.  *Id.*  Further, a trial court should enforce the ethical rules governing the

4   legal profession with respect to conflict-free representation, regardless of any purported

5   waiver by the defendant, when necessary to protect the important candor that must exist

6   between a client and his attorney and to engender respect for the court in general.  *United*

7   *States v. Moscony*, 927 F.2d 742, 749 (3d Cir. 1991).

8   **B.      Relevant Ethical Rules**

9           Washington's conflict of interest provisions are set out in Rule of Professional

10  Conduct ("RPC") 1.7, which applies to conflicts where both clients are current clients,

11  and RPC 1.9, which applies where one client is a former client.  Both rules provide that,

12  if the two clients are adverse, representation is permissible only if both clients waive the

13  conflict.  RPC 1.7(a) states as follows:

14          (a)      Except as provided in paragraph (b), a lawyer shall not represent a
        client if the representation involves a concurrent conflict of interest.  A
15      concurrent conflict of interest exists if:

16

17          (1)      the representation of one client will be directly adverse to another
        client; or
18

19          (2)      there is a significant risk that the representation of one or more clients
        will be materially limited by the lawyer's responsibilities to another client, a
20      former client or a third person or by a personal interest of the lawyer.

21  This rule is based on a lawyer's fundamental duty of loyalty, "which prohibits

22  undertaking representation directly adverse to [a] client without that client's informed

23  consent."  Comment 6 to RPC 1.7

24          Similarly, RPC 1.9(a), which governs conflicts involving a former client, states as

25  follows:

26          A lawyer who has formerly represented a client in a matter shall not
        thereafter represent another person in the same or a substantially related
27      matter in which that person's interests are materially adverse to the interests

28

Notice of Potential Conflict of Interest
Seleznev - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    of the former client unless the former client gives informed consent,
2    confirmed in writing."

3  Thus, the relevant inquiry under RPC 1.7(a)(1) and RPC 1.9(a) is whether the interests of

4  Seleznev and Mr. Bukh's other clients are directly (RPC 1.7) or materially (RPC 1.9)

5  adverse.

6    In addition to the concerns raised above—which involve Mr. Bukh's duties of

7  loyalty to his clients—the representation also raises issues about Mr. Bukh's duty of

8  confidentiality.  *See* RPC 1.6(a) ("A lawyer shall not reveal information relating to

9  representation of a client unless the client gives informed consent, the disclosure is

10  impliedly authorized in order to carry out the representation or the disclosure is permitted

11  by paragraph (b)").  "The confidentiality rule . . . applies not only to matters

12  communicated in confidence by the client but also to all information relating to the

13  representation, whatever its source."  Comment 3 to RPC 1.6.  Mr. Bukh may have

14  learned confidential information in the course of representing his other clients that he

15  would be prohibited from using or disclosing during his representation of Mr. Seleznev.

16  Conversely, Mr. Bukh could learn confidential information in the course of representing

17  Mr. Seleznev that he would be prohibited from using or disclosing in the course of

18  representing his other clients.

19  **C.   If Seleznev and Mr. Bukh's Other Clients Purport to Waive the Conflict of**
20  **Interest, the Court Must Determine Whether (a) the Waiver is Informed; and**
     **(b) the Conflict is Waivable.**

21
22      **1.   The Waiver Must Be Informed**

23      Waivers relating to counsel "must not only be voluntary, but must also constitute a

24  knowing and intelligent relinquishment or abandonment of a known right or privilege."

25  *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).  The Supreme Court held that such a

26  relinquishment or abandonment is a matter which depends in each case "upon the

27  particular facts and circumstances surrounding that case, including the background,

28  experience, and conduct of the accused."  *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

Notice of Potential Conflict of Interest
Seleznev - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      Therefore, if Mr. Seleznev and Mr. Bukh's other clients provide written consent to

2  the multiple representation, the Court should review any proposed consent from Seleznev

3  and Mr. Bukh's other clients and confirm that each has been sufficiently informed of the

4  potential conflict.  "Informed consent requires that each affected client be aware of the

5  relevant circumstances and of the material and reasonably foreseeable way that the

6  conflict could have adverse effects on the interests of that client."  Comment 18 to RPC

7  1.7.

8      The Court should bear in mind that "under some circumstances it may be

9  impossible to make the disclosure necessary to obtain consent."  *Id.*  Here, for example,

10  advising one client of all the "relevant circumstances" may require the disclosure to one

11  client of confidential information about another client, such as the client's litigation

12  strategy.  For example, if Client A has decided to cooperate with the government against

13  Client B, the Court should determine whether Client B has been advised of the

14  cooperation.  The disclosure to Client B of Client A's cooperation might itself be a

15  violation of the attorney's duty of confidentiality, which would make informed consent

16  impossible from a practical perspective.

17      **2.      The Conflict Must be Waivable**

18      If the Court determines that all clients have made informed consent, it must then

19  determine whether the conflict is waivable.  First, the conflict cannot be waived unless

20  the lawyer "*reasonably* believes that the lawyer will be able to provide competent and

21  diligent representation to each affected client."  RPC 1.7(b)(1) (emphasis added).  The

22  Rule's use of the term "reasonably" imposes an objective standard that must be satisfied

23  before the conflict can be waived.  Therefore, the Court should not rely solely on Mr.

24  Bukh's opinion as to whether he can provide competent representation, but instead

25  should make its own determination as to whether Mr. Bukh's opinion is reasonable in

26  light of the conflicting representations.

27

28

Notice of Potential Conflict of Interest
Seleznev - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Second, the Court must evaluate whether the conflict is so severe that it represents

2  "per se" conflict of interest that violates the Sixth Amendment right to counsel.  *United*

3  *States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004); *see United States. v. Schwartz*, 283

4  F.3d 76, 94 (2d Cir. 2002) (waiver by defendant at hearing does not defeat defendant's

5  ineffective assistance of counsel claim; "the actual conflict that Schwartz's attorney faced

6  was unwaivable"); Comment 14 to RPC 1.7 ("some conflicts are nonconsentable").  The

7  fact that Mr. Bukh represents a co-defendant of Seleznev in another pending matter is of

8  particular concern and could represent a per se unwaivable conflict.  *See* Comment 23 to

9  RPC 1.7. ("the potential for conflict of interest in representing multiple defendants in a

10  criminal case is so grave that ordinarily a lawyer should decline to represent more than

11  one codefendant").

### III.   CONCLUSION

13
14  Mr. Bukh's provision of legal services to Mr. Seleznev may present a conflict of
interest.  To protect the interests of Mr. Seleznev, Mr. Bukh's other clients, and to ensure
15
the fair administration of justice, the Court should inquire of Mr. Bukh and Mr. Seleznev
16
regarding:

17
    (a) the nature of Mr. Bukh's representation of other clients and those
18  clients' relationship to Mr. Seleznev;

19      (b) whether any client has or can be expected to provide any information to
Mr. Bukh that is confidential as to any other client;
20
    (c) whether any client has or can be expected to take any position adverse
21  to any other client;

22      (d) whether Mr. Seleznev and Mr. Bukh's other clients have executed
written waivers; and
23
    (e) if all clients have executed written waivers, what information was
24  provided to each client.

25

26

27

28

Notice of Potential Conflict of Interest
Seleznev - 7

1       Based on this information, the Court should determine whether Mr. Bukh faces a

2 conflict interest; whether the clients have provided informed waivers of that conflict; and

3 whether the conflict is so severe as to be unwaivable.

4            DATED this 29th day of November, 2016.

5

6 Respectfully submitted,

7 ANNETTE L. HAYES
United States Attorney

8

9 *s/ Norman Barbosa*                          *s/ Seth Wilkinson*

10 NORMAN BARBOSA                 SETH WILKINSON
Assistant United States Attorney      Assistant United States Attorney

11 Western District of Washington        Western District of Washington

12

13 s/ *Harold Chun*

14 HAROLD CHUN
Trial Attorney

15 United States Department of Justice
Computer Crimes and Intellectual Property Section

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Potential Conflict of Interest
Seleznev - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970