1
2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

3

────────────────────────────────────────────

UNITED STATES OF AMERICA,            )

4                                    )

          Plaintiff,                 )   No. 2:11-cr-00070-RAJ

5                                    )

                                     )

6        vs.                         )   Seattle, WA

                                     )

7   ROMAN V. SELEZNEV,               )

                                     )   Jury Trial - Verdict

8           Defendant.               )   August 25, 2016

9

────────────────────────────────────────────

10            VERBATIM REPORT OF PROCEEDINGS
      BEFORE THE HONORABLE JUDGE RICHARD A. JONES

11               UNITED STATES DISTRICT COURT

────────────────────────────────────────────

12

13   APPEARANCES:

14   FOR THE PLAINTIFF:    NORMAN McINTOSH BARBOSA
                           U.S. Attorney's Office
15                         700 Stewart Street, Suite 5220
                           Seattle, WA 98101-1271
16                         norman.barbosa@usdoj.gov

17                         C. SETH WILKINSON
                           U.S. Attorney's Office
18                         700 Stewart Street, Suite 5220
                           Seattle, WA 98101-1271
19                         seth.wilkinson@usdoj.gov

20                         HAROLD W. CHUN
                           U.S. Department of Justice
21                         1301 New York Avenue NW, Suite 600
                           Washington, DC 20005
22                         harold.chun@usdoj.gov

23

24

25

```
 1    FOR THE DEFENDANT:     JOHN HENRY BROWNE
                             Law Office of John Henry Browne
 2                           108 South Washington Street, Suite 200
                             Seattle, WA 98104
 3                           johnhenry@jhblawyer.com

 4                           EMMA SCANLAN
                             Law Office of John Henry Browne
 5                           108 South Washington Street, Suite 200
                             Seattle, WA 98104
 6                           emma@jhblawyer.com

 7


 8
      Andrea Ramirez, CRR, RPR
 9    Official Court Reporter
      United States District Court
10    Western District of Washington
      700 Stewart Street, Suite 17205
11    Seattle, WA 98101
      andrea_ramirez@wawd.uscourts.gov
12
      Reported by stenotype, transcribed by computer
13

14

15

16

17

18

19

20

21

22

23

24

25
```

USA vs. Seleznev, 8/25/16

1           THE CLERK:  We are here in the matter of the United

2    States vs. Roman Seleznev, Cause Number CR11-70, assigned to

3    this court.

4           THE COURT:  It's the Court's understanding that the

5    jury has reached a verdict or verdicts in this matter.

6        With the Court's understanding, the Court will receive the

7    verdicts, unless there's something to raise.

8        Counsel for the government?

9           MR. BARBOSA:  Nothing from the government, Your

10   Honor.

11          THE COURT:  Counsel for the defense?

12          MR. BROWNE:  Nothing, Your Honor.

13          THE COURT:  Just to make sure the parties understand

14   the procedure, the Court will take the verdict and then poll

15   the jury to make sure that the determinations are unanimous.

16       So if there's nothing further, let's bring in the jury.

17                    (Jury enters the courtroom)

18          THE COURT:  Would the foreperson please rise?

19       Mr. Foreperson, without announcing the specifics of the

20   verdict or verdicts, is it true and correct that the jury has

21   reached verdicts in this matter?

22          FOREPERSON:  Yes, sir.

23          THE COURT:  Please present the verdict form to the

24   in-court deputy, and then be seated.

25       The Court will read the verdicts as follows:

USA vs. Seleznev, 8/25/16

1       Count 1:  As to the offense of wire fraud with respect to
2   MAD Pizza, Madison Park, on or about August 6, 2010, as charged
3   in Count 1, we, the jury, unanimously find the defendant
4   guilty.
5       If you find the defendant guilty of the preceding count,
6   do you find beyond a reasonable doubt that the offense affected
7   a financial institution?  The answer is yes.
8       Count 2:  As to the offense of wire fraud, with respect to
9   MAD Pizza First Hill, on or about August 7, 2010, as charged in
10  Count 2, we, the jury, unanimously find the defendant guilty.
11      If you find the defendant guilty of the preceding count,
12  do you find beyond a reasonable doubt that the offense affected
13  a financial institution?  The answer is yes.
14      Count 3:  As to the offense of wire fraud with respect to
15  Casa Mia Italian Pizzeria, on or about August 9, 2010, as
16  charged in Count 3, we, the jury, unanimously find the
17  defendant guilty.
18      If you find the defendant guilty of the preceding count,
19  do you find beyond a reasonable doubt that the offense affected
20  a financial institution?  The answer, yes.
21      Count 4:  As to the offense of wire fraud, with respect to
22  MAD Pizza South Lake Union, on or about August 28, 2010, as
23  charged in Count 4, we, the jury, unanimously find the
24  defendant guilty.
25      If you find the defendant guilty of the preceding count,

USA vs. Seleznev, 8/25/16

1  do you find beyond a reasonable doubt that the offense affected
2  a financial institution?  The answer is yes.
3      Count 5:  As to the offense of wire fraud with respect to
4  Grand Central Baking Company, on or about October 4, 2010, as
5  charged in Count 5, we, the jury, unanimously find the
6  defendant guilty.
7      If you find the defendant guilty of the preceding count,
8  do you find beyond a reasonable doubt that the offense affected
9  a financial institution?  And the answer is yes.
10      Count 6:  As to the offense of wire fraud with respect to
11  Broadway Grill, on or about October 22, 2010, as charged in
12  Count 6, we, the jury, unanimously find the defendant guilty.
13      If you find the defendant guilty of the preceding count,
14  do you find beyond a reasonable doubt that the offense affected
15  a financial institution?  And the answer is yes.
16      Count 7:  As to the offense of wire fraud with respect to
17  MAD Pizza Starfire, on or about November 2, 2010, as charged in
18  Count 7, we, the jury, unanimously find the defendant guilty.
19      If you find the defendant guilty of the preceding count,
20  do you find beyond a reasonable doubt that the offense affected
21  a financial institution?  The answer is yes.
22      Count 8:  As to the offense of wire fraud with respect to
23  MAD Pizza South Lake Union, on or about December 15, 2010, as
24  charged in Count 8, we, the jury, unanimously find the
25  defendant guilty.

USA vs. Seleznev, 8/25/16

```
1          If you find the defendant guilty of the preceding count,

2    do you find beyond a reasonable doubt that the offense affected

3    a financial institution?  The answer is yes.

4          Count 9:  As to the offense of wire fraud with respect to

5    Village Pizza, on or about December 23, 2010, as charged in

6    Count 9, we, the jury, unanimously find the defendant guilty.

7          If you find the defendant guilty of the preceding count,

8    do you find beyond a reasonable doubt that the offense affected

9    a financial institution?  The answer is yes.

10         Count 10:  As to the offense of wire fraud with respect to

11   MAD Pizza Starfire, on or about January 10, 2011, as charged in

12   Count 10, we, the jury, unanimously find the defendant guilty.

13         If you find the defendant guilty of the preceding count,

14   do you find beyond a reasonable doubt that the offense affected

15   a financial institution?  The answer is yes.

16         Count 11:  As to the offense of wire fraud with respect to

17   Red Pepper Pizzeria, on or about October 26, 2013, as charged

18   in Count 11, we, the jury, unanimously find the defendant not

19   guilty.

20         Count 12:  As to the offense of intentional damage to a

21   computer with respect to MAD Pizza Madison Park, on or about

22   August 6, 2010, as charged in Count 12, we, the jury,

23   unanimously find the defendant guilty.

24         If you find the defendant guilty of the preceding count,

25   do you find beyond a reasonable doubt that the offense caused
```

USA vs. Seleznev, 8/25/16

1    loss to one or more persons during a one-year period totaling
2    at least $5,000 in value?  Answer is yes.
3        Count 13:  As to the offense of intentional damage to a
4    computer with respect to MAD Pizza First Hill, on or about
5    August 7, 2010, as charged in Count 13, we, the jury,
6    unanimously find the defendant guilty.
7        If you find the defendant guilty of the preceding count,
8    do you find beyond a reasonable doubt that this offense caused
9    loss to one or more persons during a one-year period totaling
10   at least $5,000 in value?  The answer is yes.
11       Count 14:  As to the offense of intentional damage to a
12   computer with respect to Casa Mia Italian Restaurant, on or
13   about August 9, 2010, as charged in Count 14, we, the jury,
14   unanimously find the defendant guilty.
15       If you find the defendant guilty of the preceding count,
16   do you find beyond a reasonable doubt that this offense caused
17   loss to one or more persons during a one-year period totaling
18   at least $5,000 in value?  And the answer is yes.
19       Count 15:  As to the offense of intentional damage to a
20   computer with respect to MAD Pizza South Lake Union, on or
21   about August 28, 2010, as charged in Count 15, we, the jury,
22   unanimously find the defendant guilty.
23       If you find the defendant guilty of the preceding count,
24   do you find beyond a reasonable doubt that this offense caused
25   loss to one or more persons during a one-year period totaling

USA vs. Seleznev, 8/25/16

1    at least $5,000 in value?  The answer is yes.

2        As to the offense of intentional damage to a computer with

3    respect to Village Pizza, on or about September 13, 2010, as

4    charged in Count 16, we, the jury, unanimously find the

5    defendant guilty.

6        If you find the defendant guilty of the preceding count,

7    do you find beyond a reasonable doubt that this offense caused

8    loss to one or more persons during a one-year period totaling

9    at least $5,000 in value?  The answer is yes.

10        Count 17:  As to the offense of intentional damage to a

11    computer with respect to Grand Central Baking Company, on or

12    about October 4, 2010, as charged in Count 17, we, the jury,

13    unanimously find the defendant guilty.

14        If you find the defendant guilty of the preceding count,

15    do you find beyond a reasonable doubt that this offense caused

16    loss to one or more persons during a one-year period totaling

17    at least $5,000 in value?  The answer is yes.

18        Count 18:  As to the offense of intentional damage to a

19    computer with respect to Broadway Grill, on or about

20    October 22, 2010, as charged in Count 18, we, the jury,

21    unanimously find the defendant guilty.

22        If you find the defendant guilty of the preceding count,

23    do you find beyond a reasonable doubt that this offense caused

24    loss to one or more persons during a one-year period totaling

25    at least $5,000 in value?  The answer is yes.

USA vs. Seleznev, 8/25/16

1    Count 19:  As to the offense of intentional damage to a
2    computer with respect to MAD Pizza Starfire, on or about
3    November 2, 2010, as charged in Count 19, we, the jury,
4    unanimously find the defendant guilty.
5        If you find the defendant guilty of the preceding count,
6    do you find beyond a reasonable doubt that this offense caused
7    loss to one or more persons during a one-year period totaling
8    at least $5,000 in value?  And the answer is yes.
9        Count 20:  As to the offense of intentional damage to a
10   computer with respect to Red Pepper Pizzeria, on or about
11   October 26, 2013, as charged in Count 20, we, the jury,
12   unanimously find the defendant not guilty.
13       Count 21:  As to the offense of obtaining information from
14   a computer without authorization with respect to MAD Pizza
15   Madison Park, between about August 6, 2010, and about
16   February 15, 2011, as charged in Count 21, we, the jury,
17   unanimously find the defendant guilty.
18       If you find the defendant guilty of the preceding count,
19   do you find beyond a reasonable doubt that the offense was
20   committed for the purpose of commercial advantage or private
21   gain -- private financial gain, or was committed in furtherance
22   of wire fraud or access device fraud?  The answer is yes.
23       Count 22:  As to the offense of obtaining information from
24   a computer without authorization with respect to MAD Pizza
25   First Hill, between about August 7, 2010, and about

USA vs. Seleznev, 8/25/16

1   February 15, 2011, as charged in Count 22, we, the jury,

2   unanimously find the defendant guilty.

3       If you find the defendant guilty of the preceding count,

4   do you find beyond a reasonable doubt that the offense was

5   committed for the purpose of commercial advantage or private

6   financial gain, or was committed in furtherance of wire fraud

7   or access device fraud?  And the answer is yes.

8       Count 23:  As to the offense of obtaining information from

9   a computer without authorization with respect to Casa Mia

10  Italian Pizzeria, between about August 9, 2010, and about

11  February 23, 2011, as charged in Count 23, we, the jury,

12  unanimously find the defendant guilty.

13      If you find the defendant guilty of the preceding count,

14  do you find beyond a reasonable doubt that the offense was

15  committed for the purpose of commercial advantage or private

16  financial gain, or was committed in furtherance of wire fraud

17  or access device fraud?  And the answer is yes.

18      Count 24:  As to the offense of obtaining information from

19  a computer without authorization with respect to MAD Pizza

20  South Lake Union, between about August 28, 2010, and about

21  February 1, 2011, as charged in Count 24, we, the jury,

22  unanimously find the defendant guilty.

23      If you find the defendant guilty of the preceding count,

24  do you find beyond a reasonable doubt that the offense was

25  committed for the purpose of commercial advantage or private

USA vs. Seleznev, 8/25/16

1    financial gain, or was committed in furtherance of wire fraud

2    or access device fraud?  The answer is yes.

3        Count 25:  As to the offense of obtaining information from

4    a computer without authorization with respect to Village Pizza,

5    between September 13, 2010, and about March 26, 2011, as

6    charged in Count 25, we, the jury, unanimously find the

7    defendant guilty.

8        If you find the defendant guilty of the preceding count,

9    do you find beyond a reasonable doubt that the offense was

10   committed for the purpose of commercial advantage or private

11   financial gain, or was committed in furtherance of wire fraud

12   or access device fraud?  And the answer is yes.

13       Count 26:  As to the offense of obtaining information from

14   a computer without authorization with respect to Grand Central

15   Baking Company, between about August 4, 2010, and about

16   December 1, 2010, as charged in Count 26, we, the jury,

17   unanimously find the defendant guilty.

18       If you find the defendant guilty of the preceding count,

19   do you find beyond a reasonable doubt that the offense was

20   committed for the purpose of commercial advantage or private

21   financial gain, or was committed in furtherance of wire fraud

22   or access device fraud?  The answer is yes.

23       Count 27:  As to the offense of obtaining information from

24   a computer without authorization with respect to Broadway

25   Grill, between about October 22, 2010, and about October 27,

USA vs. Seleznev, 8/25/16

1   2010, as charged in Count 27, we, the jury, unanimously find

2   the defendant guilty.

3       If you find the defendant guilty of the preceding count,

4   do you find beyond a reasonable doubt that the offense was

5   committed for the purpose of commercial advantage or private

6   financial gain, or was committed in furtherance of wire fraud

7   or access device fraud?  And the answer is yes.

8       Count 28:  As to the offense of obtaining information from

9   a computer without authorization with respect to MAD Pizza

10  Starfire, between November 2, 2010, and about February 1, 2011,

11  as charged in Count 28, we, the jury, unanimously find the

12  defendant guilty.

13      If you find the defendant guilty of the preceding count,

14  do you find beyond a reasonable doubt that the offense was

15  committed for the purpose of commercial advantage or private

16  financial gain, or was committed in furtherance of wire fraud

17  or access device fraud?  And the answer is yes.

18      As to the offense of obtaining information from a computer

19  without authorization with respect to Red Pepper Pizzeria,

20  between about October 26, 2013, and about May 1, 2014, as

21  charged in Count 29, we, the jury, unanimously find the

22  defendant guilty.

23      If you find the defendant guilty of the preceding count,

24  do you find beyond a reasonable doubt that the offense was

25  committed for the purpose of commercial advantage or private

USA vs. Seleznev, 8/25/16

1   financial gain, or was committed in furtherance of wire fraud

2   or access device fraud?  The answer is yes.

3       Count 30:  As to the offense of unlawful possession of

4   access devices with respect to MAD Pizza Madison Park, on or

5   about August 6, 2010, as charged in Count 30, we, the jury,

6   unanimously find the defendant guilty.

7       Count 31:  As to the offense of unlawful possession of

8   access devices with respect to MAD Pizza First Hill, on or

9   about August 7, 2010, as charged in Count 31, we, the jury,

10  unanimously find the defendant guilty.

11      Count 32:  As to the offense of unlawful possession of

12  access devices with respect to Casa Mia Italian Pizzeria, on or

13  about August 9, 2010, as charged in Count 32, we, the jury,

14  unanimously find the defendant guilty.

15      Count 33:  As to the offense of unlawful possession of

16  access devices with respect to MAD Pizza South Lake Union, on

17  or about August 28, 2010, as charged in Count 33, we, the jury,

18  unanimously find the defendant guilty.

19      Count 34:  As to the offense of unlawful possession of

20  access devices with respect to Village Pizza, on or about

21  September 13, 2010, as charged in Count 34, we, the jury,

22  unanimously find the defendant guilty.

23      Count 35:  As to the offense of unlawful possession of

24  access devices with respect to Grand Central Baking Company, on

25  or about October 4, 2010, as charged in Count 35, we, the jury,

1   unanimously find the defendant guilty.

2       Count 36:  As to the offense of unlawful possession of

3   access devices with respect to Broadway Grill, on or about

4   October 22, 2010, as charged in Count 36, we, the jury,

5   unanimously find the defendant guilty.

6       Count 37:  As to the offense of unlawful possession of

7   access devices with respect to MAD Pizza Starfire, on or about

8   November 2, 2010, as charged in Count 37, we, the jury,

9   unanimously find the defendant guilty.

10      As to the offense of unlawful possession of access devices

11  with respect to Red Pepper Pizzeria, on or about October 26,

12  2013, as charged in Count 38, we, the jury, unanimously find

13  the defendant guilty.

14      Count 39:  As to the offense of aggravated identity theft

15  with respect to the credit card number of the person identified

16  as "DK," on or about October 22, 2010, as charged in Count 39,

17  we, the jury, unanimously find the defendant guilty.

18      Count 40:  As to the offense of aggravated identity theft

19  with respect to the credit card number of the person identified

20  as "RG," on or about April 9, 2014, as charged in Count 40, we,

21  the jury, unanimously find the defendant guilty.

22      Signed by the presiding juror, today's date, August 25,

23  2016.

24      Members of the jury, at this point in time, the Court will

25  proceed in what's called "polling the jury."  We poll the jury

USA vs. Seleznev, 8/25/16

1    to ensure that the jury determinations are of a unanimous

2    nature.  So the questions I will be posing to you, as the

3    in-court deputy calls your name, are the following questions:

4    Are these your individual verdicts, and are these the verdicts

5    of the jury?

6         Please poll the jury.

7              THE CLERK:  Juror Number 1, are these your individual

8    verdicts?

9              JUROR:  Yes.

10             THE CLERK:  Are they the verdicts of the jury?

11             JUROR:  Yes.

12             THE CLERK:  Juror Number 2, are these your individual

13   verdicts?

14             JUROR:  Yes.

15             THE CLERK:  Are they the verdicts of the jury?

16             JUROR:  Yes.

17             THE CLERK:  Juror Number 3, are these your individual

18   verdicts?

19             JUROR:  Yes.

20             THE CLERK:  Are they the verdicts of the jury?

21             JUROR:  Yes.

22             THE CLERK:  Juror Number 4, are these your individual

23   verdicts?

24             JUROR:  Yes.

25             THE CLERK:  Are they the verdicts of the jury?

USA vs. Seleznev, 8/25/16

```
 1              JUROR:  Yes.
 2              THE CLERK:  Juror Number 5, are these your individual
 3   verdicts?
 4              JUROR:  Yes.
 5              THE CLERK:  Are they the verdicts of the jury?
 6              JUROR:  Yes.
 7              THE CLERK:  Juror Number 7, are these your individual
 8   verdicts?
 9              JUROR:  Yes.
10              THE CLERK:  Are they the verdicts of the jury?
11              JUROR:  Yes.
12              THE CLERK:  Juror Number 9, are these your individual
13   verdicts?
14              JUROR:  Yes.
15              THE CLERK:  Are they the verdicts of the jury?
16              JUROR:  Yes.
17              THE CLERK:  Juror Number 10, are these your
18   individual verdicts?
19              JUROR:  Yes.
20              THE CLERK:  Are they the verdicts of the jury?
21              JUROR:  Yes.
22              THE CLERK:  Juror Number 11, are these your
23   individual verdicts?
24              JUROR:  Yes.
25              THE CLERK:  Are they the verdicts of the jury?
```

USA vs. Seleznev, 8/25/16

1           JUROR:  Yes.

2           THE CLERK:  Juror Number 12, are these your

3   individual verdicts?

4           JUROR:  Yes.

5           THE CLERK:  Are they the verdicts of the jury?

6           JUROR:  Yes.

7           THE CLERK:  Juror Number 13, are these your

8   individual verdicts?

9           JUROR:  Yes.

10          THE CLERK:  Are they the verdicts of the jury?

11          JUROR:  Yes.

12          THE CLERK:  And Juror Number 14, are these your

13  individual verdicts?

14          JUROR:  Yes.

15          THE CLERK:  Are they the verdicts of the jury?

16          JUROR:  Yes.

17          THE COURT:  Ladies and gentlemen of the jury, the

18  verdicts will be received and filed.

19      Now, what I'd like to do is discharge you, but before I do

20  that, I'd like to share a few words with you.

21      First of all, the Court will receive the verdicts that you

22  returned.  All of you collectively came to one determination,

23  and that was guilty or not guilty, as indicated in the verdict

24  form.

25      Now, I ask that you leave your determinations here at the

USA vs. Seleznev, 8/25/16

1    courthouse, and not try and second-guess decisions.  Sometimes,

2    when cases are over, I've had jurors call back, or write, and

3    say that they had concerns about, "Did I come to the right

4    conclusions?  Were these the right decisions?"  You made the

5    determinations with 12 of you back in that jury room.  The fact

6    that 12 of you came to the same conclusions means this is a

7    unanimous verdict, and you should live by it, and accept that

8    was the proper verdict, because all 12 of you came to that

9    conclusion.  So there's no reason for you to second-guess your

10   decision.  No one can second-guess you.  No one can challenge

11   your determinations.  You'll not be confronted by counsel, or

12   asked questions by counsel or anybody else.

13        You're free, however, to control who you talk to.  If

14   anyone approaches you, or asks you questions, you don't have to

15   answer any questions.  You're not prohibited from answering

16   questions, but that's completely your call.  The restriction on

17   not talking about the case is lifted.  You can go and you can

18   share your thoughts about the case and anything about this case

19   with anyone that you believe is appropriate.  It's completely

20   now within your discretion who you wish to talk to.

21        We do deeply appreciate the fact that you spent the amount

22   of time that you spent the last couple weeks, and the attention

23   to detail that you provided.  It's a huge request that we place

24   upon the citizenry of our community to come to court, to take

25   time out of their busy lives and schedules, to sit and listen

USA vs. Seleznev, 8/25/16

```
 1    to facts and evidence, and go back to the jury room to make
 2    tough decisions.  I think that you all understand now that,
 3    despite what you may read about, or hear about, in magazines,
 4    movies, or TV, it's not an easy task to go back in the jury
 5    room, and have to listen to evidence, and go back, share your
 6    thoughts, your opinions, and your beliefs about what's correct,
 7    what's not correct, what was proved, and what was not proved.
 8    But you satisfied your obligation to this court.  I'd like to
 9    thank you on behalf of the government, on behalf of the
10    defense, and the defendant, as well.
11        I promised you, at the beginning of this trial, that I
12    would come back to the jury room and answer any questions that
13    you may have.  And I will certainly fulfill that commitment to
14    you, and I'll be coming back in just a few minutes.  But you
15    don't have to stay back there.  If you want to go back, get
16    your hat and coat, and leave the courtroom, that's completely
17    your call.  But as I promised, I'll come back and answer any
18    questions that you have.
19        So again, thank you on behalf of the United States
20    District Court.  You satisfied your obligation to this court,
21    and you've done it well, with the service that you've rendered.
22        Please rise.
23                (Jury exits the courtroom)
24            THE COURT:  Do we have a sentencing date?
25            THE CLERK:  December 2, 2016, 10:00 a.m.
```

USA vs. Seleznev, 8/25/16

```
1                    MR. BROWNE:  I'm sorry?

2                    THE CLERK:  December 2, 2016.

3                    MR. BROWNE:  December 7th?

4                    THE COURT:  Second.

5          Any reason why the government would not be present on

6     December 2, 2016, as indicated?

7                    MR. BARBOSA:  No, Your Honor.

8                    THE COURT:  Counsel for the defense?

9                    MR. BROWNE:  No, Your Honor.

10         And what time would that be?

11                   THE CLERK:  10:00 a.m.

12                   THE COURT:  That will be the date and time for

13    sentencing.

14         Mr. Seleznev, between today's date and December 2, you'll

15    be contacted by a probation officer.  That probation officer

16    will be in the process of preparing a presentence report.  You

17    can confer with your lawyer to discuss what level of

18    participation that you wish to provide as it relates to the

19    presentence report.  That's completely up to you and your

20    lawyer.

21         What I will tell you is that it's a valuable tool that's

22    provided to this Court from probation, because it gives a

23    detailed statement of your history, your background, your life,

24    your personal circumstances, your life experiences, your

25    background, your family relationships, and about the events
```

USA vs. Seleznev, 8/25/16

```
1    involved in these charges, as well.  So it's a helpful tool and
2    document for this Court that I will certainly consider.
3         Also at sentencing, the government will prepare and file a
4    presentence report with their recommendations of what they
5    think the proper sentence should be.  Mr. Browne and
6    Ms. Scanlan will also have the opportunity to do the same.  If
7    you'd like to provide a letter to the Court, you'll certainly
8    be able to do that.  You'll also be able to provide letters in
9    support of you from other family members or friends that know
10   you, as well.  You're not required to do any of those things,
11   but those are options that are available to you.
12        And lastly, you'll have an opportunity at sentencing to
13   speak in your own behalf, if you wish to speak.  You're not
14   required to speak at sentencing.  You're not required to say
15   anything.  But again, that's up to you and your lawyers, what
16   you wish to say.
17        But, nonetheless, we will expect you to be here, and the
18   lawyers to be here, on December 2, 2016, as that will be your
19   sentencing date.
20        Counsel for the government, anything to take up?
21             MR. BARBOSA:  No, Your Honor.  Thank you.
22             THE COURT:  Counsel for the defendant, anything to
23   take up?
24             MR. BROWNE:  No, Your Honor.
25             THE COURT:  We'll be in recess.
```

USA vs. Seleznev, 8/25/16

```
1                        (Adjourned)

2                (End of requested transcript)

3                      *    *    *

4       I certify that the foregoing is a correct transcript from

5   the record of proceedings in the above matter.

6

7   Date:  8/25/16                    /s/ Andrea Ramirez

8                         _____

9                         Signature of Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```