The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
For the Western District of Washington

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No.: 2:11CR00070RAJ-001 |
| v. ) | **SUPPLEMENTAL** |
| ) | **SENTENCING MEMORANDUM** |
| ROMAN SELEZNEV, ) | |
| Defendant. ) | |

Defendant ROMAN SELEZNEV by and through counsel, respectfully submits this supplemental memorandum in further support of a non-guideline sentence.

Although Mr. Seleznev did not anticipate submitting a supplemental sentencing memorandum, the tone and the allegations in the Government's sentencing memorandum, and especially supplemental sentencing memorandum, make this reply necessary. It appears that the Government is seeking retaliation against Mr. Seleznev and it is my duty as his counsel and an officer of the court to respond to Government's unwarranted factual accusations and flawed legal arguments.

First, the Government seems to want to cast doubts as to whether Mr. Seleznev truly and fully accepted responsibility for his crimes. The Government referred to the most recent proffer sessions during which Mr. Seleznev not only honestly answered the Government's questions but also actively and truthfully provided all information known to him. During those proffer sessions the Government seemed to display great interest in that information and did not indicate that Mr. Seleznev was untruthful. In light of that fact, it is very troubling that the Government now claims in its Supplemental Sentencing Memorandum that "Seleznev made statements that

the government believes to be demonstrably false, thereby further undermining the value of any information he provided." Gov. Mem. at 3. (Docket No. 467). This conclusion is unsupported by what happened at those sessions, especially considering the fact that Mr. Seleznev himself initiated communication with the Government and over the past few months has handed over four of his laptops and six flash drives, which were brought to the United States with the assistance of his counsel. Mr. Seleznev has no reason to lie or not to be completely truthful and it is very unfortunate that the Government failed to recognize that.

Second, the fact that none of the statutes Mr. Seleznev was charged with have a life sentence as a penalty provides further support that the Guidelines calculations are arbitrary. Under 18 U.S.C. § 1343 (wire fraud), which has the highest penalty among the statutes, the maximum sentence is 30 years' imprisonment. If Congress wanted to set a life sentence as the maximum penalty for wire fraud crimes it would have expressly done so. Thus, the mind-blowing offense level of 53, as calculated by the probation department, indicates something is very wrong with the Guidelines calculation.

Even the Guidelines themselves provided a safe-valve provision providing that "[t]here may be cases in which the offense level determined under this guideline substantially overstates the seriousness of the offense. In such cases, a downward departure may be warranted." Application Note 20 (C) to U.S.S.G. §2B1.1. The fact that the Government mentioned life sentence in its memo three times, despite the fact that it is patently unwarranted in this case, as was conceded by the department of probation, clearly indicates that it has irrational animosity towards Mr. Seleznev.

Third, the aggravating role enhancement is not appropriate in this case. It should be noted that the Government mistakenly relied on USSG 3B1.1(c) in its justification of a four-point enhancement. In fact, that subsection provides a two-point enhancement. Substantively,

2

there is no sufficient evidence in the record to show that Mr. Seleznev was a leader or organizer of the criminal activity and that he exercised control over other members of the conspiracy. The Government pointed to references made about Mr. Seleznev as "boss" or "admin" to justify the leadership enhancement. However, Application Note 4 to USSG 3B1.1(c) explains that "[i]n distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling." Moreover, it is not necessary for the operation of his websites to have subordinates. Furthermore, expanding "otherwise extensive" term of the enhancement to the "customers" of the Track2 and 2Pac websites is outside of the scope of the provision. Therefore, the aggravating role enhancement is not warranted.

Finally, contrary to the Government's contention that there is a "high probability that Mr. Seleznev will return to a life as a criminal mastermind," Gov. Mem. at 21, Mr. Seleznev is sincerely sorry for his conduct and will never return to a life of crime as evident by his acceptance of responsibility for his crimes, his sincere regret for his actions, his attempts to proactively assist the government in its fight against cybercrime and his efforts to obtain formal education while incarcerated.

For all these reasons, Mr. Seleznev respectfully requests that the Court impose a non-guideline sentence.

Dated: April 19, 2017

Respectfully submitted,

/s/ Igor Litvak
Igor Litvak, Esq.
NY Bar No. 5109749
The Litvak Law Firm, PLLC
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 989-2908
E-Mail: Igor@LitvakLawNY.com

**Certificate of Service**

I hereby certify that I caused the above document to be served on counsel of record for the Government by filing it via the Court's CM/ECF system on this day of April 20th, 2017.

Igor Litvak, Esq.
*Attorneys for Defendant*
