**FILED**

APR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ROMAN SELEZNEV, AKA bandysli64, AKA Bulba, AKA Roman Ivanov, AKA nCuX, AKA Ruben Samvelich, AKA shmak, AKA smaus, AKA Track2, AKA Zagreb, <br><br> Defendant-Appellant. | No.   17-30085 <br><br> D.C. No. 2:11-cr-00070-RAJ-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted March 6, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,[**] District Judge.

Defendant Roman Seleznev appeals his conviction and sentence on 38

counts under 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1030(a)(5), (c)(4)(B)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

(Intentional Damage to a Computer); 18 U.S.C. § 1030 (Obtaining Information from a Protected Computer), 18 U.S.C. § 1029(a)(3) (Access Device Fraud), and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. We review the denial of a motion to dismiss an indictment based on outrageous government conduct de novo, and its underlying factual findings for clear error. *United States v. Struckman*, 611 F.3d 560, 573 (9th Cir. 2010). Generally, how a defendant is brought to trial does not affect the government's ability to try him. *United States v. Matta-Ballesteros*, 71 F.3d 754, 762 (9th Cir. 1995). We recognized two exceptions to this rule in *Struckman*. 611 F.3d at 571.

Neither of these recognized exceptions applies here. Because there is no extradition treaty between the United States and the Maldives, U.S. agents did not violate an extradition treaty. And because, as the district court reasonably found, Seleznev's apprehension occurred with the approval and cooperation of Maldivian authorities, the U.S. agents' conduct was not of the most "shocking and outrageous kind" as to warrant dismissal of the indictment. For the same reasons, the district court did not abuse its discretion in refusing to dismiss the indictment under its supervisory powers. *See id.* at 574.

2. We review denial of a motion to suppress de novo and its underlying factual findings for clear error. *United States v. Fernandez*, 388 F.3d 1199, 1234 (9th Cir.

2004). "Information offered to support a search warrant application becomes stale when enough time has elapsed such that there is no longer 'sufficient basis to believe . . . that the items to be seized are still on the premises.'" *United States v. Grant*, 682 F.3d 827, 835 (9th Cir. 2012) (quoting *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997)). "[A] probable cause determination can be supported entirely by circumstantial evidence." *United States v. Diaz*, 491 F.3d 1074, 1078 (9th Cir. 2007).

    Here, the affidavit gave a sufficient basis to believe that evidence of Seleznev's crimes would still be on his computer. Among other evidence, the affidavit noted e-currency accounts connecting Seleznev to 2pac.cc, a website that had been active in 2014. That information was not stale in July 2014. On this record the district court did not err in denying the motion to suppress.

3.     We review de novo whether a waiver was made "knowingly and voluntarily." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). In the context of reviewing a waiver, the related factual findings are reviewed for clear error. *Id.* Under Federal Rule of Evidence 410, "a statement made during plea discussions" is "not admissible against the defendant who . . . participated in the plea discussions." A defendant can, however, waive this privilege, so long as the waiver is knowing and voluntary. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995).

3

We conclude that the district court did not clearly err in determining that Seleznev partially waived his Rule 410 privilege. And we further conclude that Seleznev did not demonstrate any prejudice from the district court's instruction that his lawyers could not present evidence contrary to his statements without a good faith basis to do so.

4. We review for abuse of discretion the district court's ruling on the relevance of classified documents. *United States v. Miller*, 874 F.2d 1255, 1275 (9th Cir. 1989). We review de novo the district court's interpretation of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. *Id.* We have previously affirmed *in camera* and *ex parte* review of CIPA information. *See United States v. Sedaghaty*, 728 F.3d 885, 908 (9th Cir. 2013). Here, the district court did not err in its review of the government's CIPA application.

5. The contentions about ineffective assistance of counsel need not and will not be reviewed on this appeal because, "as a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir.2007) (en banc). That general rule squarely applies here, because the record is not so fully developed as to make it proper for immediate review. We deny Seleznev's ineffective assistance of counsel claims without prejudice to his ability to raise these claims in a later

4

proceeding under 28 U.S.C. § 2255. *See United States v. McGowan*, 668 F.3d 601, 605–06 (9th Cir. 2012).

6. We review sentences for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (citing 18 U.S.C. § 2553(a)). We "afford significant deference to a district court's sentence under 18 U.S.C. § 3553 and reverse only if the court applied an incorrect legal rule or if the sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (internal quotation omitted).

The district court did not abuse its discretion in sentencing Seleznev to 27 years in prison. Seleznev's long sentence is not substantively unreasonable given the harm that he undoubtedly caused to many businesses, the large sums Seleznev gained from his scheme, his general lack of remorse, the need to deter other offenders who may consider similar schemes, and the sentences received by similarly situated defendants.

7. A district court must explain a sentence sufficiently to permit meaningful appellate review. *Carty*, 520 F.3d at 992. We conclude that the district court gave

an adequate explanation for its sentence. The record shows that the district court was aware of Seleznev's medical condition but rejected it as a basis to lower his sentence.

**AFFIRMED**.