The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROMAN SELEZNEV,<br><br>        Defendant. | NO. 2:11-cr-00070-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Roman Seleznev's motion for compassionate release. Dkt. 494. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Seleznev is a 37-year-old inmate currently detained at Federal Correctional Institution Butner Medium II (FCI Butner), with a projected release date of July 6, 2037. On August 25, 2016, after a nine-day jury trial, Mr. Seleznev was found guilty of the following crimes:

- Counts 1-10: Wire Fraud, in violation of 18 U.S.C. § 1343;
- Counts 12-19: Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §1030(a)(5) and 18 U.S.C. § 1030(c)(4)(B)(i);

- Counts 21-29: Obtaining Information from a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2) and 18 U.S.C. § 1030(c)(2)(B)(ii);
- Counts 30-38: Access Device Fraud - Unlawful Possession of Access Devices, in violation of 18 U.S.C. § 1029(a)(3) and 18 U.S.C. § 1029(c)(1)(A)(i); and
- Counts 39-40: Aggravated Identity Theft, in violation of 18 U.S.C. §1028A(a)(1).

Dkt. 421.

On April 21, 2017, this Court sentenced Mr. Seleznev to a total term of imprisonment of 324 months, with no supervised release to follow as it is expected he will be immediately deported to Russia upon his release from custody. Dkt. 473.

Mr. Seleznev now moves for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and grant his immediate release. Dkt. 494.

## II. DISCUSSION

### A.  Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

ORDER - 2

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda*, No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

///
///
///

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Seleznev's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Seleznev's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

On July 9, 2021, Mr. Seleznev submitted a formal request to the warden of FCI Butner requesting compassionate release due to the coronavirus (COVID-19) outbreak. Dkt. 494, Ex. 23. On July 22, 2021, his request was denied. Dkt. 494, Ex. 24. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Seleznev's motion is properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Seleznev's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Seleznev bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Seleznev argues that his medical conditions make him particularly susceptible to suffering complications should he contract COVID-19, specifically his chronic seizure disorder, chronic headaches, deafness in his left ear, and most relevant, his diagnoses of hepatitis B and latent tuberculosis. Dkt. 494, Ex. 15, 16, 18.

On January 27, 2021, Mr. Seleznev was diagnosed with COVID-19. Dkt. 494, Ex. 20. He has declined to receive the offered vaccination based on his concerns about negative side effects. Dkt. 494. He claims that even if vaccinated, "the risks associated with new COVID-19 variants would not be diminished as they are powerful enough to overcome any vaccine protection." Dkt. 494.

The government argues that the grounds set forth by Mr. Seleznev do not support compassionate release, and that chronic but manageable health conditions do not constitute extraordinary and compelling circumstances warranting release. The government indicates that Mr. Seleznev's seizure disorder is being managed by the Bureau of Prisons through medication, and that his inactive hepatitis B and latent tuberculosis are being properly monitored through periodic testing, which includes chest x-rays and abdominal ultrasounds. Dkt. 501 at 3-7, Dkt. 494-17 at 17, 22, 25.

The government further argues that Mr. Seleznev's medical conditions are not risk factors for COVID-19 as identified by the Centers for Disease Control and Prevention (CDC), and that Mr. Seleznev's claim that he is at risk due to a compromised immune system is unsupported by the evidence. Dkt. 498.

The government sets forth that Mr. Seleznev was offered the Pfizer vaccine against COVID-19 on March 3, 2021, which he refused, and that Mr. Seleznev has presented no evidence that he has been advised against receiving the vaccine due to his medical conditions. Dkts. 498, 500.

In reply, Mr. Seleznev argues that his medical conditions warrant compassionate release irrespective of his risk of contracting COVID-19, indicating that incarceration alone, regardless of the COVID-19 pandemic, justifies his immediate release. Dkt. 505.

The Court agrees with the government. Mr. Seleznev mischaracterizes and overstates the extent of his condition to warrant compassionate release. His reliance on inactive hepatitis and latent tuberculosis is an insufficient basis to grant the relief requested. Of significant import is that Mr. Seleznev has chosen to fit into the category of believers that the vaccination can only do harm to his condition. In support of his requested relief, he references a medical study indicating that after vaccination "the person had a reactivation of hepatitis C infection with the mRNA-based Pfizer-BioNTech COVID vaccine. This reactivation manifested with jaundice, loss of consciousness, hepatic coma, and death." Dkt. 505, Ex. 1 at 1. What Mr. Seleznev failed to note is that this "study" was that of a single case of an 82-year-old patient. Included in the study perspective was the observation that this patient may have experienced a previously "unrecognized but now reactivated hepatitis C infection." Dkt. 505, Ex. 1. That is not Mr. Seleznev's circumstance, as he has been diagnosed with inactive hepatitis B and latent tuberculosis. Moreover, the study concludes: "No other cases with a history of HCV infection and cirrhosis with a similar fatal course following COVID-19 vaccination have been described." Dkt. 505, Ex. 1. While interesting, this type of evidence does not support nor meet the burden of Mr. Seleznev's compassionate relief request.

Mr. Seleznev has refused the COVID-19 vaccine which could offer significant protection against the virus or variant. This Court adopts the reasoning of other courts around the country that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances. Dkt. 498, at 10.

Additionally, Mr. Seleznev has contracted COVID-19 and recovered from it, which likely provides him with significant protection from natural immunity. *See, e.g.,* https://www.science.org/content/article/having-sars-cov-2-once-confers-much-greater-immunity-vaccine-vaccination-remains-vital.

The Court has considered Dr. Gafanovich's assertion that Mr. Seleznev's health conditions make him particularly vulnerable to developing acute symptoms from COVID-19. As observed by the government, this assertion predated his infection and recovery from the virus. That said, Mr. Seleznev's medical conditions are not risk factors for complications from COVID-19 as identified by the CDC.

Mr. Seleznev also contends that an independent court-appointed physician should evaluate his health conditions to determine if he is particularly vulnerable to COVID-19 and its variants. The Court is unpersuaded that he has presented any compelling justification for such an evaluation and that request is therefore denied.

**D. Safety of Others**

The Court next turns to whether Mr. Seleznev presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Seleznev argues that he would not pose a danger to the community, given that he is a first-time white-collar offender who has accepted responsibility for his crimes. He indicates that, if released, he has the skills necessary to secure employment and has a strong family support network to assist him. He indicates that he has engaged in self-improvement efforts while incarcerated, as well as provided assistance to other inmates. Dkt. 494.

The government counters that Mr. Seleznev remains a danger, highlighting the extremely serious nature of his crime, the extensive monetary and emotional harm suffered by his victims, and his ability to return to cybercrime, given his tremendous computer skills and demonstrated capacity to avoid detection by law enforcement. Dkt. 498.

As the trial judge in this case, this Court is keenly aware of the details of the massive international efforts that were utilized to bring Mr. Seleznev to justice. His crimes caused enormous hardship and devastation to the victims of his fraud in an amount of approximately $170 million. PSR ¶8. His scheme to defraud included his ability to evade investigators for years, and the real extent of his activities remain unknown. What is known, however, is that a laptop in his possession at the time of his arrest contained data for 1.7 million stolen credit cards and additional information linking him to the two websites and his fraud scheme. PSR ¶ 24-26. Considering this history, Mr. Seleznev remains a danger primarily because of his extraordinary computer skills and capability, and his misuse of that extensive knowledge in the past. While he has served several years in prison, releasing him into the community with likely deportation to his homeland would put him in the position of having unchecked and immediate access to resume the same criminal behavior that he readily and successfully engaged in for years.

Of significant concern to this Court at sentencing was deterrence to future cybercrimes and criminals. That concern remains the same. The Court sees no reason to vary from that and the other factors noted at sentencing. Nor does Mr. Seleznev's motion warrant a reweighing of the 18 U.S.C. § 3553(a) factors. Neither the COVID-19 pandemic nor the variants reduce the serious nature or circumstances of his offenses or diminish the significant danger he poses to reoffend.

///

///

///

**E.  Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Seleznev's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Seleznev argues that the sentencing factors noted above warrant a reduction in his sentence, that his seven years of incarceration has served the need to deter others from committing similar offenses, and is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  Dkt. 494.

The government disagrees and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of Mr. Seleznev's offense, continue to support the 324-month sentence originally imposed by the Court.  The government contends that a reduction would result in Mr. Seleznev serving a mere thirty percent of his 27-year sentence, controverting the goal of § 3553(a) to deter others from committing cybercrime.  Dkt. 498.  The Court agrees with the government with no further analysis or discussion necessary.

## III.  CONCLUSION

For the foregoing reasons, Defendant Roman Seleznev's motion for compassionate release is **DENIED**.

DATED this 14th day of October, 2021.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge